**Lewis A. EVERLY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 678S111.**

Supreme Court of Indiana.

Oct. 5, 1979.

Patrick Brennan & Associates by Patrick Brennan, South Bend, Douglas D. Seely, Jr., Mishawaka, for appellant.

Theodore L. Sendak, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant was charged with first degree murder, Ind. Code 35–13–4–1 (Burns 1975). He pled not guilty and asserted that the homicide was committed in self-defense. In a trial by jury, he was convicted of second degree murder, Ind. Code 35–1–54–1 (Burns 1975), for which he was sentenced to imprisonment for not less than fifteen nor more than twenty-five years.

Four issues are presented by this direct appeal. In view of our decision upon the first, however, and the probabilities that

two of such issues will not arise upon a retrial, we shall address ourselves to but two, as follows:

(1) Whether the trial court erred in prohibiting any voir dire interrogation of prospective jurors with respect to the right to self-defense.

(2) Whether the trial court erred in refusing to give a preliminary instruction, tendered by Defendant; advising that in determining if a defendant acted in self-defense, the necessity thereof and the force necessary must be determined from the standpoint of the defendant at the time and under the circumstances as shown by the evidence.

### ISSUE I

During the voir dire examination of prospective jurors, the following colloquy ensued between the defense counsel (Brennan), the trial prosecutor (Barns), and the trial court:

"MR. P. BRENNAN: Do you believe in self-defense?

"MR. BARNES: Your Honor, I object.

"THE COURT: Will counsel approach the bench, please?"

At this point in the proceedings, a conference was held in the Judge's chambers. The record does not disclose what transpired therein, but the conference was followed by the following minute:

"MR. DENNIS BRENNAN: As counsel for the defendant, we most respectfully object to the Court's ruling that we cannot ask the prospective jurors any questions with reference to self-defense. It is our feeling and belief that a person does have the right to self-defense and that, unless the jurors also believe in that right, that the defendant may well not have an impartial jury. Should the jurors believe that self-defense is not proper under any circumstances, we feel that we are entitled to know this, and that that person would not only be undesirable on a jury but that person should be challenged for cause. This is especially true for some person who does not feel that the use of deadly force in self-defense is proper under any circumstances.

"THE COURT: Have you made the record the way you want it, sir?

"MR. D. BRENNAN: Yes, we have."

Defendant contends that the trial court erred in prohibiting defense counsel from questioning the prospective jurors as to their beliefs upon the subject of self-defense and their willingness to follow the court's instructions upon the same. He notes that this was a first degree murder prosecution and that the defendant had, at an omnibus hearing, indicated his reliance upon the doctrine of self-defense. It is the State's position that the defendant, in asking "Do you believe in self-defense?", was attempting to condition the jurors to receive the evidence with a "jaundiced eye," and secondly, that Indiana trial courts have broad discretionary powers to regulate the form and substance of voir dire and that no abuse of that discretion has been shown here.

■ Although the Record of the question propounded to the juror and the objection reflect only that the question was "Do you believe in self-defense?"; nevertheless, from the Record made by defense counsel, acquiesced to by the Prosecutor and the trial court, we can conclude only that the defendant was denied the right to *any* interrogation of prospective jurors upon the subject of self-defense. Such a broad prohibition was error.

This appears to be a case of first instance in Indiana. *See generally,* 50 C.J.S. *Juries* § 275, p. 1053 (1947), and the law of other states is by no means in universal agreement. It is our opinion, however, that our holding herein is a logical and proper application of the principle declared in *Wasy v. State,* (1955) 234 Ind. 52, 123 N.E.2d 462, 46 A.L.R.2d 1389.

■ While the trial court must be mindful that jurors are to be examined to eliminate bias but not to condition them to be receptive to the questioner's position,

*Robinson v. State,* (1973) 260 Ind. 517, 297 N.E.2d 409, it must afford each party a reasonable opportunity to exercise his challenges intelligently. *Wasy v. State, supra.* Specifically, each party has a right to discover whether prospective jurors have fixed opinions or conscientious scruples that would or might prevent them from following the court-declared law of self-defense. Accord: *State v. Brown,* (1977) Mo., 547 S.W.2d 797; *People v. Bennett,* (1926) 79 Cal.App. 76, 249 P. 20.

We can say it no better than was said in *People v. Bennett, supra* at 25:

"A court may charge a jury accurately respecting the law pertinent to the case, yet it does not follow therefrom that the jury will accept the court's statement of the law as correct and follow it in passing upon the issues to be decided. Hence, to a party whose rights are to be committed to the arbitrament of a jury, it is always of singular importance that he should be convinced that those individuals who are to compose the jury will be governed, in determining what their verdict shall be, not alone by the evidence adduced before them, but also by the law which the court may conceive is pertinent to the case and essential to an enlightened consideration of the proofs. * * * *

"We are not to be understood as holding that there may not be questions involving legal propositions which may not be properly put to prospective jurors, or that in a voir dire examination every evidentiary phase of the case may be in detail submitted to the talesmen for their views as to how they might regard the same when considering their verdict; but the questions we are here considering— the presumption of innocence, the burden of proof, the doctrine of reasonable doubt, and the principle of self-defense— involve general propositions of law which, with the exception of the right of self-defense, are applicable to all criminal cases, and whether laymen summoned to jury duty understand them and their significance as affecting the rights of an accused in the trial of his case and whether, understanding them, they will apply them in considering the evidence and in arriving at a conclusion, constitute matters of pertinent inquiry in ascertaining whether prospective jurors are in all particulars legally qualified to pass upon the question whether the defendant is guilty or not guilty, or whether there exists in their minds a reasonable doubt of his guilt."

Like the death penalty, the State's burden of proof, and the insanity defense, the law of self-defense is not without its controversial features, e. g., the "no retreat" rule, the right under certain circumstances, to use deadly force to protect oneself, the State's burden to disprove a claim of self-defense, once evidence tending to show such has been introduced. Consequently, each party must be afforded a reasonable opportunity to conduct "pertinent inquiry" to ascertain whether the prospective jurors possess, or are likely to possess, conscientious scruples or other mental obstacles likely to interfere with a proper application of the law of self-defense. We do not suggest that counsel was entitled to unbridled leave to brainwash the prospective jurors. However, appropriate inquiry by the court or by counsel was in order to enable him to utilize his challenges with discretion.

Neither do we retreat from our position in *Robinson v. State, supra,* wherein we declared:

"We are aware of the practice, one of long standing in our courts, of lawyers trying their cases by their voir dire examination of the jury. It is so engrained in our state as to have become accepted as tactically proper and necessary. In no sense, however, does it coincide with fair trial standards, among the objects of which are to provide an impartial and unbiased jury capable of understanding and intelligently assessing the evidence. Much time and energy are consumed in interrogating not with a view towards culling prospective jurors because of bias or prejudice but to the end that bias and prejudice may be utilized to advantage and prospective jurors cultivated and conditioned both consciously and sub-con-

sciously, to be receptive to the cause of the examiner. Many excellent lawyers genuinely believe that their case has been determined by the time the jury has been sworn, and they may well be correct. We think this practice is repugnant to the cause of justice and should terminate. We think also that this can be best accomplished by the trial judges' assumption of a more active role in the voir dire proceedings and by exercising, rather than abdicating, his broad discretionary power to restrict interrogation to that which is pertinent and proper for testing the capacity and competence of the jurors." 260 Ind. 517, 520–521, 297 N.E.2d 409, 411–12.

### ISSUE II

Defendant tendered a preliminary instruction on self-defense which instruction was refused. He contends that it was error to refuse the tendered instruction and argues that Trial Rule 51(A) should be interpreted as requiring the giving of such instruction wherein it states:

"(A) General instructions at commencement of action. When the jury has been sworn *the court shall instruct in writing as to the issues for trial*, the burden of proof, the credibility of witnesses, and the manner of weighing the testimony to be received. Each party shall have reasonable opportunity to examine such instructions and state his specific objections thereto out of the presence of the jury and before any party has stated his case * * *." (Emphasis added.)

His argument is that Trial Rule 51 requires the trial court to instruct the jury preliminarily upon those legal issues which could arise during the course of the trial. He cites no case law in support of his contention, nor does our independent research reveal any relevant authority.

The Court of Appeals has held that it is error to give a preliminary instruction upon an issue not raised in the pleadings. *See, Steiner v. Goodwin*, (1966) 138 Ind.App. 546, 215 N.E.2d 361; *Stillwell v. Adams*, (1963) 135 Ind.App. 495, 193 N.E.2d 74.

These were civil cases, however, and the issues are clearly drawn in such cases by the pleadings. Such is not always the case in criminal trials. Although it would be appropriate to give a preliminary instruction upon a theory of defense, if requested and if the defendant has committed himself to such defense by pleading or pre-trial order, specific defenses should not be anticipated by the court. The trial judge must have considerable latitude in such area, and it must be recognized that if the evidence adduced makes it appear that an omitted preliminary instruction would have been appropriate, the matter can be rectified by final instruction. We, therefore, perceive no error in the court's having refused the tendered preliminary instruction.

For the error cited under Issue I above, the judgment of the trial court is reversed and the cause is remanded for a new trial.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.