**Karl P. DRIVER, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 71S00–0102–CR–140.**

Supreme Court of Indiana.

Jan. 15, 2002.

Brian J. May, South Bend, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**DICKSON, Justice.**

The defendant, Karl Driver, was convicted of murder[1] for the March 2000 killing of Landrea Hurt in South Bend. On appeal, the defendant argues that the trial court erred in failing to instruct the jury on self-defense and in instructing the jury on transferred intent. We affirm.

The defendant contends the trial court should have given his tendered instructions on self-defense. To determine whether the trial court erred in refusing to give an instruction, we consider: (1) whether the tendered instruction correctly states the law; (2) whether the evidence supports giving the instruction; and (3) whether other instructions already given cover the substance of the tendered instruction. *Williams v. State*, 700 N.E.2d 784, 787–88 (Ind.1998); *Griffin v. State*, 644 N.E.2d 561, 562 (Ind.1994). When evaluating these considerations, we bear in mind that instructing the jury generally lies within the sole discretion of the trial court. *Edgecomb v. State*, 673 N.E.2d 1185, 1196 (Ind.1996). Appellate reversal is appropriate only for abuse of discretion. *Id.* The State does not argue that the tendered instructions misstate the law or that the substance of the tendered instructions were covered by other instructions, but rather that the evidence in this case does not support giving an instruction on self-defense.

A valid claim of self-defense provides a legal justification for a person to use force against another to protect himself from what he reasonably believes to be the imminent use of unlawful force. Ind. Code § 35–41–3–2(a). He is justified in using deadly force only if he "reasonably believes that that force is necessary to prevent serious bodily injury to himself or a third person." *Id.* A claim of self-defense in a homicide prosecution requires that the defendant acted without fault, was in a place where he had a right to be, and was in reasonable fear of death or great bodily harm. *Milam v. State*, 719 N.E.2d 1208, 1210 (Ind.1999). Thus, among other things, the defendant's claim requires that he did not provoke, instigate or participate willingly in the violence. *Brooks v. State*, 683 N.E.2d 574, 577 (Ind.1997).

Shortly before the defendant fatally fired his handgun, he arrived at the victim's home with three women who intended to physically fight the victim. The women were armed with a baseball bat and a bottle. The defendant armed with a handgun went with the women to prevent others from interfering with the anticipated fight. As the women started toward the house, Keisha Williams, the victim's roommate, came out onto the porch holding a shotgun. Upon seeing this, the women accompanying the defendant retreated to their cars. The defendant, who had remained across the street from the house—approximately thirty or forty yards away, began firing his handgun at Williams as she stood in front of the house. The victim was standing at the front door. One of the bullets struck the victim in the head killing her.

The defendant contends that he was responding in self-defense after hearing Williams announcing that she was "going to kill me a [m___f___]," and after seeing Williams point her gun in his direction. Record at 475–7. The evidence is undisputed, however, that the defendant was part of the group that went to the victim's house intending to cause the victim bodily harm, that his actions were not without fault, and that he was there to willingly participant in violence. For these reasons,

1. Ind.Code § 35–42–1–1.

the trial court did not err in refusing his tendered instructions on self-defense.

The defendant also contends that the trial court erred in instructing the jury that "the State is not required to prove that the defendant intended to kill the actual victim" and that the "element of intent is satisfied if the State proves beyond a reasonable doubt that the defendant knowingly intended to kill someone." Record at 74. The defendant argues that the evidence does not support this instruction because he came to the victim's home without any plan to hurt her or anyone else.

■ The intent to kill may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death or serious injury. *Bethel v. State,* 730 N.E.2d 1242, 1245 (Ind.2000); *Wilson v. State,* 697 N.E.2d 466, 476 (Ind.1998); *McEwen v. State,* 695 N.E.2d 79, 90 (Ind.1998). Because the defendant fired his handgun at Keisha Williams, the trial court did not err in giving the instruction.

We affirm the defendant's conviction for murder.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.