**Tanya D. MERRITT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–0411–CR–504.

Court of Appeals of Indiana.

Feb. 18, 2005.

Ernest P. Galos, South Bend, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF CASE

Appellant–Defendant, Tanya D. Merritt (Merritt), appeals her conviction for Count I, possession of cocaine, a Class D felony, Ind.Code § 35–46–4–6; and Count II, reckless possession of paraphernalia, a Class B misdemeanor, I.C. § 35–48–4–8.3(c).

We reverse and remand.

### ISSUES

Merritt raises three issues on appeal, one of which we find dispositive and restate as follows: whether fundamental error occurred during *voir dire* when the trial court gave the jury venire an example of constructive possession that was similar to the facts of the case.

*FACTS AND PROCEDURAL HISTORY*

On the evening of May 18, 2003, Merritt and Lorraine Swan (Swan) were sitting on the porch of Swan's residence in South Bend, Indiana, when Linda Byrd (Byrd) approached the residence and asked Merritt to take her home. Subsequently, Merritt, Swan, Swan's daughter, and Byrd all got into Merritt's minivan to take Byrd to her mother's house. At approximately 9:00 p.m. on the same evening, Officer Brian Galbreath (Officer Galbreath) of the South Bend Police Department pulled over Merritt for driving through a red light. After Officer Daniel Lawecki (Officer Lawecki) of the South Bend Police Department joined Officer Galbreath at the scene, Officer Galbreath approached the driver's side of the vehicle to question Merritt. When Officer Galbreath asked Merritt for her driver's license she explained that she did not have it with her. Officer Galbreath then ran Merritt's name through his computer and found out that Merritt was unlicensed. Merritt was then placed under arrest, and the other three passengers were asked to exit the vehicle on the passenger's side of the van and stand next to Officer Lawecki. Officer Galbreath then asked Merritt if he could search her vehicle and purse. After consenting, Officer Galbreath found a baggie containing crack cocaine located inside a shoe on the floor between the second row seat and the sliding passenger's door, as well as a baggie containing crack cocaine and a crack pipe in Merritt's purse. Merritt's purse was located in between the two front seats on top of the center console.

On May 19, 2003, the State filed an information, charging Merritt with Count I, possession of cocaine, a Class D felony, I.C. § 35–48–4–6; and Count II, reckless possession of paraphernalia, a Class B misdemeanor, I.C. § 35–48–4–8.3(c). On May 20, 2004, a jury trial was held. At the close of the evidence, the jury found Merritt guilty on both counts. On June 23, 2004, a sentencing hearing was held. Following the sentencing hearing, the trial court sentenced Merritt to three years, with eighteen months suspended, for Count I; and fined Merritt one dollar for Count II. In addition, the trial court suspended Merritt's driver's license and registration for twenty-four months.[1]

Merritt now appeals. Additional facts will be provided as necessary.

*DISCUSSION AND DECISION*

■ Merritt contends that fundamental error occurred during *voir dire* when the trial court gave an example of constructive possession to the jury venire that was strikingly similar to the facts of the case. Specifically, Merritt argues that she did not receive a fair and impartial trial because the jury was tainted by the trial court's constructive possession example. However, the State maintains that Merritt's argument is waived because she failed to object to the error at trial.

■ It is well established that a party may not fail to object to a trial court's action and then raise the trial court's action as error unless the error is fundamental. *James v. State*, 613 N.E.2d 15, 25 (Ind.1993). To qualify as a fundamental error, "an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible." *Benson v. State*, 762 N.E.2d 748, 755 (Ind.2002) (quoting *Willey v. State*, 712 N.E.2d 434, 444–45 (Ind. 1999)). However, we have to bear in mind that the fundamental error exception to the waiver rule is an extremely narrow one, "available only when the record re-

---

1. Although the trial court suspended Merritt's driver's license, the record shows that Merritt was never actually licensed to drive in Indiana.

veals clearly blatant violations of basic and elementary principles of due process, and the harm or potential for harm cannot be denied." *Id.* (quoting *Warriner v. State,* 435 N.E.2d 562, 563 (Ind.1982)).

In the instant case, during *voir dire* the trial court explained to the jury venire that in order to convict Merritt for possession of cocaine, the State must prove that she had either constructive or actual possession of the controlled substance. The trial court then gave the following example of constructive possession:

> TRIAL COURT: Possession essentially means control. Possession can be either actual or it can be what we call constructive possession. . . . I would venture a guess . . . that most of you women who have purses . . . [M]ay have purses at your feet on the floor. I don't know that to be true because I can't see. I'm assuming that's where they are. You still have constructive possession of your purse because it is in a location under your control and you intend to control it there. And so if I were trying to prove constructive possession, I could prove it in that fashion.

(Transcript pp. 23–24). Shortly after giving this example of constructive possession, the trial court questioned a prospective juror to ascertain whether the prospective juror understood the meaning of constructive possession, and the following exchange occurred:

> TRIAL COURT: [Juror], is your purse on the floor?
>
> [JUROR]: Yes, sir.
>
> TRIAL COURT: Where you put it?
>
> [JUROR]: Yes, sir.
>
> TRIAL COURT: Is it under your control?
>
> [JUROR]: Yes, it is.

> TRIAL COURT: Is that the way you expect it to be?
>
> [JUROR]: Yes.
>
> TRIAL COURT: Okay. Constructive possession. . . .

(Tr. pp. 24–25).

In *Wentz v. State,* 766 N.E.2d 351, 357 (Ind.2002) (quoting *Williams v. State,* 555 N.E.2d 133, 137 (Ind.1990)), our supreme court acknowledged that while a trial court has "broad discretionary power to regulate the form and substance of *voir dire,*" the trial court also has "a concurrent duty to remain impartial and to refrain from making unnecessary comments or remarks." The facts of this case establish that cocaine was found in Merritt's purse, which was located on the center console in between her driver's seat and the front passenger's seat. Therefore, to convict Merritt of possession of cocaine, the State had to prove beyond a reasonable doubt that Merritt actually or constructively possessed the cocaine located in her purse. In order to clarify to the jury venire the difference between the legal concepts of actual and constructive possession, the trial court explained that a woman would be in constructive possession of her purse if it was laying on the ground next to her. Because the trial court's example of constructive possession is so strikingly similar to the facts of this case, we find that the jury could easily have been tainted, resulting in an unfair trial. Accordingly, we conclude that Merritt was unduly prejudiced by the trial court's constructive possession example, and thus fundamental error occurred. *Benson,* 762 N.E.2d at 755.

## CONCLUSION

Based on the foregoing, we find that prejudice resulted from the trial court's

constructive possession example, and that fundamental error occurred.

Reversed and Remanded.

CRONE, J., and ROBB, J., concur.