Cecil **BLACK**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–0502–CR–56.

Court of Appeals of Indiana.

June 21, 2005.

---

Gregory Paul Kauffman, South Bend, for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

CRONE, J.

### Case Summary

Cecil Black appeals his conviction for murder. We reverse and remand for a new trial.

### Issue

We restate the issue as whether the trial court committed fundamental error in granting the State's motion in limine prohibiting Black from questioning prospective jurors during voir dire regarding the law of self-defense.

### Facts and Procedural History [1]

On September 26, 2003, the State charged Black with murder. On December 29, 2003, Black filed notice of his intent to claim self-defense. On January 12, 2004, the State amended the charge to class A felony voluntary manslaughter, and Black pled guilty to the charge pursuant to a written plea agreement. The trial court scheduled the sentencing hearing for February 10, 2004. However, on February 10, 2004, Black informed the trial court that he intended to file a motion to withdraw his guilty plea. On April 19, 2004, Black filed a motion to withdraw guilty plea. On May 17, 2004, the trial court granted Black's motion to withdraw guilty plea. On July 14, 2004, the State filed a motion to reinstate the original charge of murder and withdraw the amended information charging voluntary manslaughter.

On August 24, 2004, the State filed a motion in limine requesting that "the Court instruct and order the Defendant, Defendant's Counsel and all witnesses to refrain from giving testimony, statements and/or argument in the presence of the jury concerning the issue of self-defense on behalf of the Defendant." Appellant's App. at 20. On August 31, the trial court granted the State's motion in limine in an order providing, "Court grants the State's motion in Limine No. 1, that in jury selection, opening statements and also evidence, that self-defense will not be advanced as a theory or referred to by counsel until such time as that defense is raised, either by the testimony of the defendant or any statements." *Id.* at 22.

On September 7, 2004, a jury trial began. During the trial, Black testified that he shot the victim in self-defense. Tr. at 516–20. In his closing argument, Black's counsel advanced the theory that Black acted in self-defense. *Id.* at 567–70. The trial court gave the jury an instruction regarding self-defense. *Id.* at 548. On September 10, 2004, a jury found Black guilty of murder. On October 15, 2004,

---

1. The "Statement of the Facts" contained in Black's brief was incomplete. Indiana Appellate Rule 46(A)(6) provides that the statement of the facts "shall describe the facts relevant to the issues presented for review but need not repeat what is in the statement of the case." While the facts relating to the incident which led to Black's arrest are arguably irrelevant to the issue on appeal, information regarding events during trial relating to the issue should have been included. We thank the State for providing this information.

the trial court sentenced Black to fifty-five years. Black appeals.

### Discussion and Decision

 Black contends that, because the trial court granted the State's motion in limine prohibiting him from questioning prospective jurors during voir dire regarding self-defense, he was denied the right to a fair and impartial jury provided by Article 1, Section 13 of the Indiana Constitution.[2] However, Black failed to request relief from the State's motion in limine during voir dire, and therefore, he has failed to properly preserve the issue for appeal. *See, e.g., Swaynie v. State,* 762 N.E.2d 112, 113 (Ind.2002) ("Rulings on motions in limine are not final decisions and, therefore, do not preserve errors for appeal."). Thus, Black must show fundamental error on his claim to be entitled to relief. *See, e.g., Merritt v. State,* 822 N.E.2d 642, 643 (Ind.Ct.App.2005). "To qualify as a fundamental error, an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible." *Id.* (quoting *Benson v. State,* 762 N.E.2d 748, 755 (Ind.2002)). The fundamental error exception to the waiver rule is an extremely narrow one, "available only when the record reveals clearly blatant violations of basic elementary principles of due process, and the harm or potential for harm cannot be denied." *Id.*

 In determining whether fundamental error occurred with regard to voir dire, we observe that "[t]he purpose of voir dire is to determine whether a prospective juror can render a fair and impartial verdict in accordance with the law and the evidence." *Joyner v. State,* 736 N.E.2d 232, 237 (Ind.2000). "The right to an impartial jury is guaranteed by Article I, § 13 of the Indiana Constitution, and is an essential element of due process." *Dickenson v. State,* 732 N.E.2d 238, 241 (Ind. Ct.App.2000). "A trial court has broad discretion in controlling the voir dire of prospective jurors." *Talley v. State,* 736 N.E.2d 766, 768 (Ind.Ct.App.2000).

In arguing that the trial court's prohibition against any reference to self-defense during voir dire resulted in the denial of his right to a fair and impartial jury, Black relies solely on *Everly v. State,* 271 Ind. 687, 395 N.E.2d 254 (1979).[3] In *Everly,* the defendant was charged with murder and indicated at the omnibus hearing that he would rely on the doctrine of self-defense. *Id.* at 255. During voir dire, the defense counsel attempted to ask the prospective jurors, "Do you believe in self-defense?" *Id.* The State objected and the court ruled that the defense could not ask the prospective jurors any questions regarding self-defense. *Id.* Our supreme court ruled that such a broad denial of any interrogation of prospective jurors was error. *Id.* In support of its holding, the *Everly* court stated, "each party has a right to discover whether prospective jurors have fixed opinions or conscientious scruples that would or might prevent them from following the court-declared law of self-defense." *Id.* at 256. The *Everly* court further elaborated,

Like the death penalty, the State's burden of proof, and the insanity defense,

---

2. Article 1, Section 13 of the Indiana Constitution provides in relevant part: "In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed[.]"

3. The State argues that *Everly* is inapplicable because the defendant in *Everly* properly preserved the issue for appeal. 395 N.E.2d at 255. We disagree. *Everly* specifically addresses the issue we are considering here and is, therefore, helpful, though not dispositive, in determining whether fundamental error occurred.

the law of self-defense is not without its controversial features, e.g., the "no retreat" rule, the right under certain circumstances, to use deadly force to protect oneself, the State's burden to disprove a claim of self-defense, once evidence tending to show such has been introduced. Consequently, each party must be afforded a reasonable opportunity to conduct "pertinent inquiry" to ascertain whether the prospective jurors possess, or are likely to possess, conscientious scruples or other mental obstacles likely to interfere with a proper application of the law of self-defense. We do not suggest that counsel was entitled to unbridled leave to brainwash the prospective jurors. However, appropriate inquiry by the court or by counsel was in order to enable him to utilize his challenges with discretion.

*Id.* Like the defendant in *Everly,* Black informed the State of his intent to rely on the doctrine of self-defense before the trial, but was prohibited from asking prospective jurors during voir dire about their beliefs regarding the law of self-defense.

■■■ Our supreme court has long held that the State may question prospective jurors regarding the death sentence and whether they will be able to follow their oath and the law regarding the imposition of the death sentence. *Fleenor v. State,* 514 N.E.2d 80, 83–84 (Ind.1987); *Wisehart v. State,* 484 N.E.2d 949, 953 (Ind.1985); *Burris v. State,* 465 N.E.2d 171, 177 (Ind. 1984). In so holding, our supreme court has stated that the State has a "valid right to exclude persons who cannot be fair to its position when seeking a penalty of death." *Burris,* 465 N.E.2d at 177. "The trial court may exclude a juror for cause if that juror is not willing to consider all of the penalties provided by State law and is irrevocably committed to vote against the death penalty prior to trial." *Id.* However, prospective jurors may not be dismissed for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction. *Fleenor,* 514 N.E.2d at 83–84.

■■■ The death penalty is similar to a claim of self-defense in that both involve the taking of life. "A valid claim of self-defense provides a legal justification for a person to use force against another to protect himself from what he reasonably believes to be the imminent use of unlawful force." [4] *Driver v. State,* 760 N.E.2d 611, 612 (Ind.2002); *See* Ind.Code § 35–41–3–2(a). As previously mentioned, the State has a "valid right to exclude persons who cannot be fair to its position when seeking a penalty of death." *Burris,* 465 N.E.2d at 177. Likewise, basic fairness dictates that a defendant has a valid right to exclude persons who cannot be fair to his position when making a claim of self-defense. We conclude that the ability to question prospective jurors regarding their beliefs and feelings concerning the doctrine of self-defense, so as to determine whether they have firmly-held beliefs which would prevent them from applying the law of self-defense to the facts of the case, is essential to a fair and impartial jury. Accordingly, prohibiting Black from questioning prospective jurors regarding self-defense during voir dire so prejudiced

---

4. A defendant is justified in using deadly force only if he "reasonably believes that that force is necessary to prevent serious bodily injury to himself or a third person." *Driver,* 760 N.E.2d at 612. "A claim of self-defense in a homicide prosecution requires that the defendant acted without fault, was in a place where he had a right to be, and was in reasonable fear of death or great bodily harm." *Id.*

his rights as to make a fair trial impossible.

We are unpersuaded by the State's argument that Black received a fair trial because (1) he was able to establish a claim of self-defense through his own testimony, (2) his counsel was able to advance the theory in his closing arguments, and (3) the trial court gave the jury an instruction regarding self-defense. These actions fail to ensure that the jury was fair and impartial and, therefore, cannot remedy the error that occurred during voir dire.

Based on the foregoing, we conclude that the granting of the motion in limine violated the principles of due process, and that fundamental error occurred.

Reversed and remanded for a new trial.

DARDEN, J., and MATHIAS, J., concur.