ATTORNEYS FOR APPELLANT ATTORNEYS FOR APPELLEE

Matthew P. Ryan Jeffrey A. Modisett

Patrick N. Ryan Attorney General of Indiana

Marion, Indiana 

Rosemary L. Borek

Deputy Attorney General

Indianapolis, Indiana

IN THE

SUPREME COURT OF INDIANA

CHARLES L. SANDERS, )

)

Appellant (Defendant Below), )

)

v. ) Cause No. 27S00-9711-CR-619

)

STATE OF INDIANA, )

)

Appellee (Plaintiff Below). )

APPEAL FROM THE GRANT CIRCUIT COURT

The Honorable Thomas R. Hunt, Judge

Cause No. 27C01-9607-CF-33

January 7, 1999

SHEPARD, Chief Justice.

Appellant Charles L. Sanders seeks reversal of his convictions for murdering Ruben Rodriguez and for committing battery on Jose Perez.  

Sanders claims that the trial court improperly refused to give instructions on lesser included offenses, that the State's evidence was insufficient to rebut his claim of self-defense, and that the trial court wrongly admitted evidence of another crime that Sanders committed.  We affirm.

Facts and Procedural History
(footnote: 1)

On July 7, 1996, Sanders and his friend Rick Booker attended a quinceanera, a coming-out party, for Evita Rodriguez at the Marion Armory.  Shortly after his arrival, Sanders fought with another guest, Steve Cunningham, near a door leading to an outside stairway.  After Cunningham got away, Sanders walked quickly down the stairs.  When he looked back toward the top of the stairs Sanders saw Jose Rodriguez, Sr., the decedent's brother, put a knife to the neck of his friend Booker.  Sanders pulled a gun from his waistband.  Jose Rodriguez, Sr., released Booker.  Ruben Rodriguez started down the stairs, and Sanders shot him twice.  Ruben Rodriguez bled to death from a gunshot wound to the chest.  Although Ruben Rodriguez had a knife that night, it is unclear whether he was brandishing it at the time he was shot.  (
Compare
 R. at 2108-09, 2154, 2176-77, 2237 
with
 1521, 2203.)  

Another guest, Jose Perez, testified that he heard the gunshots shortly after he arrived at the quinceanera with his brother.  He began to look for his wife, who had driven separately.  When he did not find his wife at her table or at her car, he went to his brother's vehicle and got his gun.  He testified that someone shot at him from the passenger side of a small white car, hitting a toe on his right foot.  He returned fire.  Sanders left the party in the passenger seat of a white Hyundai driven by Rick Booker.  

The State charged Sanders with the murder of Ruben Rodriguez,
(footnote: 2) the battery of Jose Perez,
(footnote: 3) and possession of a handgun without a license.
(footnote: 4)  
It sought enhancement of the handgun charge
(footnote: 5) based on Sander's prior conviction for carrying a handgun without a license.  

At trial, the judge refused to give Sanders' tendered instructions on reckless homicide
(footnote: 6) and criminal recklessness
(footnote: 7) because there was no evidence of recklessness, and because a theory of recklessness was inconsistent with Sanders' claim of self-defense.  

The jury convicted Sanders of battery and possession of a handgun without a license, but it was unable to reach a decision about the murder charge.  The court set the murder charge for retrial and directed that trial on the enhancement take place immediately after the murder retrial.  

At the second trial, the judge denied Sanders' motion in limine to exclude evidence on the battery of Jose Perez.  Sanders again tendered an instruction on reckless homicide, which the court again refused.  (R. at 164.)  This time, the trial judge did not state a reason for refusing the instruction, (R. at 2285), and defense counsel did not object to the court's refusal of that particular instruction (R. at 2289). 

The second jury convicted Sanders of murder and the enhancement on the handgun charge.  The court imposed concurrent sentences as follows:  sixty-five years for the murder, eight years for the battery, and eight years for the possession of a handgun without a license (including the enhancement).  

I.  Instructions on Lesser Included Offenses

Sanders claims that the trial court erred in refusing his tendered instructions on criminal recklessness as a lesser included offense of battery and on reckless homicide as a lesser included offense of murder.

Indiana courts use the 
Wright v. State
 test for determining when a trial court should instruct on a lesser included offense.  658 N.E.2d 563 (Ind. 1995).  First, we determine whether the lesser offense is either "inherently" or "factually" included in the offense charged.  
Id.
 at 566-67; 
Champlain v. State
, 681 N.E.2d 696, 699 (Ind. 1997).  Second, if we conclude that the lesser offense is included in the charged offense, then we ascertain whether a serious evidentiary dispute exists as to which offense the defendant committed.  
Wright
, 658 N.E.2d at 567; 
Champlain
, 681 N.E.2d at 700. 

A.  Sanders' Criminal Recklessness Instruction

Criminal recklessness is not an inherently included lesser offense of battery because each requires proof of an element that the other does not.  
Compare
 Ind. Code Ann. § 35-42-2-1 (West 1998) (battery requires proof of touching) 
with
 Ind. Code Ann. 

§ 35-42-2-2 (West 1998) (criminal recklessness requires proof of  substantial risk of bodily injury); 
Shoup v. State
, 570 N.E.2d 1298, 1304 (Ind. Ct. App. 1991).
  Criminal recklessness may, however, be factually included in the crime of battery if the charging instrument alleges facts that "reflect a substantial risk of bodily injury," and "show that the touching was done with a disregard of the harm that might occur."  
Shoup
, 570 N.E.2d at 1305.  

Count Two of the information states 
"Charles Lagaurdia Sanders did knowingly touch Jose Perez in a rude, insolent, or angry manner, to wit:  by shooting him in the right foot, said touching being committed with a deadly weapon . . . ."
  
(R. at 6.)  
While Count Two alleges that Sanders created a substantial risk of bodily injury by claiming that Sanders shot Perez, it does not charge Sanders with the state of mind requisite for a determination that criminal recklessness is a factually lesser included offense of battery in this case.  Because the information does not assert that Sanders disregarded the consequences of his actions, 
criminal recklessness was not a lesser included offense of this battery charge
.  The trial court properly refused Sanders' criminal recklessness instruction.    

B.  Sanders' Reckless Homicide Instruction

At both trials, Sanders tendered a reckless homicide instruction as an alternative choice for the jury on the murder charge.  A comparison of the murder and reckless homicide statutes indicates that the only element that distinguishes the crimes from each other is the level of mens rea required.  
Compare
 Ind. Code Ann. § 35-42-1-1 (West Supp. 1998) 
with
 Ind. Code Ann. § 35-42-1-5 (West 1998); 
McEwen v. State
, 695 N.E.2d 79 (Ind. 1998).  Reckless homicide is, therefore, an inherently included lesser offense of murder.  
McEwen
, 695 N.E.2d at 85; 
Wright
, 658 N.E.2d at 567.  We next examine whether a serious evidentiary dispute exists as to whether Sanders committed the lesser or the greater offense. 

In 
Brown v. State
, 
No. 82S00-9609-CR-603, 1998 WL 2662 (Ind. Dec. 3, 1998),
 this Court set out a shifting standard of review for appellate examination of whether a serious evidentiary dispute exists.  The standard for review of a trial court's failure to give a requested lesser included offense instruction is "affected by the specificity with which a defendant presents the case for the instruction to the trial court." 
Id.
 at *13.

[W]hen the [trial] court rejects tendered instructions on lesser included offenses on their merits, but the record provides neither a finding that there is no serious evidentiary dispute nor a specific claim from the defendant as to the nature of that dispute, the standard of review is an abuse of discretion.  

Id.
 at *16.  At the trial that resulted in his murder conviction, Sanders did not provide any specific objection to the refusal of his reckless homicide instruction.  (
See
 R. 164, 2285, 2289.)  We therefore review the trial court's refusal of that instruction for an abuse of discretion.  The issue, then, is whether the trial court abused its discretion when it determined that there was not a serious evidentiary dispute about whether Sanders committed murder instead of reckless homicide.

The crime of murder requires that the defendant killed knowingly,
(footnote: 8) Ind. Code Ann. § 35-42-1-1 (West Supp. 1998), or in other words that he was aware of a high probability that he was doing the act of killing, Ind. Code Ann. § 35-41-2-2(b) (West 1998).  Reckless homicide, on the other hand, requires that the defendant killed recklessly, Ind. Code Ann. § 35-42-1-5 (West 1998), in plain, conscious, and unjustifiable disregard of the harm that might result, and in substantial deviation from acceptable standards of conduct, Ind. Code Ann. § 35-41-2-2(c) (West 1998).
  

Sanders himself presented evidence that, as he stood at the bottom of the stairs, he aimed at and shot the person descending toward him.  (R. at 2108-09, 2176-77, 2237-38.)  There is no evidence that he was shooting at the crowd on the stairs at random; rather, he shot only at Ruben Rodriguez.  
There was no serious evidentiary dispute that Sanders knowingly shot Rodriguez, because 
Sanders must have known that firing directly at a person at such close range is highly probable to result in death.  
Therefore, the trial court appropriately refused Sanders' homicide instruction on reckless homicide.

II.  Sufficiency of the Evidence

Sanders claims that the State did not adequately rebut his claim of self-defense and that there was thus insufficient evidence to support his murder conviction.  

The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence challenge.  We  neither reweigh the evidence nor judge the credibility of witnesses.  Instead, we consider the evidence most favorable to the verdict and draw all reasonable inferences drawn therefrom.  
Birdsong v. State
, 685 N.E.2d 42 (Ind. 1997).  If the evidence 

and inferences provide substantial evidence of probative value to support the verdict, we affirm.  
Id.

"A claim of self-defense in a homicide prosecution requires, among other things, that . . . the defendant had a reasonable fear of death or great bodily harm."  
Brooks v. State
, 683 N.E.2d 574, 577 (Ind. 1977).  Once a defendant in a homicide prosecution claims self-defense, the burden shifts to the state to rebut that claim.  
Birdsong
, 685 N.E.2d at 45.  "It is only necessary for the State to disprove one of the elements of self-defense beyond a reasonable doubt for the defendant's claim to fail."  
Jordan v. State
, 656 N.E.2d 816, 817 (Ind. 1995).

Although some of the trial evidence suggested that the murder victim was advancing aggressively toward Sanders with a knife, (R. at 2108-09, 2176-77, 2237), the evidence most favorable to the verdict suggests otherwise.  At least one witness testified that the victim was unarmed, (R. at 1686-87); another testified that prior to the shooting, the victim was at the top of the stairs asking Sanders to leave the party, (R. at 1762, 1765); another testified that the victim did begin to descend the stairs, but did so non-aggressively, (R. at 2203); another testified that the victim had not advanced towards Sanders at all, (R. at 1631).  We believe this evidence successfully rebuts Sanders' claim of self-defense.  We will not, therefore, disturb the jury's verdict.

III.  Evidence of the Battery in the Second Trial

Sanders claims that during the second trial the trial court improperly admitted evidence of the battery shooting of Perez. 

Sanders argues that the evidence of the battery was inadmissible at the second murder trial because he committed the battery minutes 
after
 the charged crime, and the 
res gestae
 doctrine, which he claims is the controlling law, is used to admit evidence of misconduct occurring 
before
 the charged crime.  (Appellant's Br. at 48.)  We have held, however, that the 
res gestae
 doctrine did not survive the adoption of the Indiana Rules of Evidence, and that an evidentiary argument must instead be analyzed by reference to those Rules.  
Swanson v. State
, 666 N.E.2d 397 (Ind. 1996).  The applicable rule, Indiana Rule of Evidence 404(b), discusses the admissibility of "
other
 crimes, wrongs, or acts," (emphasis added), thereby bringing within its scope all "bad acts," not simply prior misconduct.

Rule 404(b) provides that, although evidence of other misconduct may not be admitted for the purpose of proving that the defendant acted in conformity with a certain character trait it may be admissible for other purposes, such as proof of motive or intent.  Evid.R. 404(b).  Rule 404(b) "is designed to prevent the jury from assessing a defendant's present guilt on the basis of his past propensities. . . ."  
Hicks v. State
, 690 N.E.2d 215, 218 (Ind. 1997).    

Our analysis of admissibility under Rule 404(b) necessarily incorporates the relevancy test of Rule 401 and the balancing test of Rule 403.  
Id.
 at 221.  First, "the court must determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act; and [second,] the court must balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403."  
Id.
  

  Relevance is broadly defined as probative value, and the  trial court has wide discretion in ruling on the relevance of proffered evidence.  
Id.
 at 220.  The battery evidence in this case was not offered to prove propensity to act in conformity with a character trait for violence, but rather was offered for the "other purpose" of proving Sanders' intent by negating his claim of self-defense.  R. at 1443; 
Johnson v. State
, 645 N.E.2d 643, 648 (Ind. Ct. App. 1994).  Because the battery evidence makes Sanders' claim of self-defense less likely by indicating his intent to harm the victim, the relevancy test of Rule 401 is satisfied.

Relevant evidence is admissible, Evid.R. 402, unless its probative value is substantially outweighed by the danger of unfair prejudice, Evid.R. 403.
(footnote: 9)  "We review this balancing act by the trial court under an abuse of discretion standard."  
Hicks
, 690 N.E.2d at 223.  The trial court is again afforded wide latitude to weigh probative value against prejudicial effect.  
Bacher v. State
, 686 N.E.2d 791, 799 (Ind. 1997). 

The paradigm of evidence inadmissible under Rule 404(b) "is a crime committed on another day in another place, evidence whose only apparent purpose is to prove the defendant is a person who commits crimes."  
Swanson
, 666 N.E.2d at 398.  The evidence at issue here is not of that nature.  The battery occurred moments after and just steps away from the murder.  The evidence caused no unfair prejudice to Sanders, but instead provided highly probative evidence of his intent to harm.  We hold that the trial court properly exercised its discretion.  

Conclusion

We affirm the judgment of the trial court.

Sullivan, Selby, and Boehm, JJ., concur.

Dickson, J., dissents, believing that the evidence of the 

subsequent battery shooting of Perez is not relevant to

show the defendant's intent with respect to Rodriguez,

and is thus inadmissible under Evidence Rule 404(b).

FOOTNOTES
1: The Attorney General correctly observes that appellate counsel has provided a brief that commits twenty-one pages to witness-by-witness summaries, rather than a brief statement of the relevant facts.  While we decline the request to strike this material, we do observe that it was of so little value that we have necessarily relied on the State's version and on the record.

2: Ind. Code Ann. § 35-42-1-1 (West Supp. 1998).

3: Ind. Code Ann. § 35-42-2-1 (West 1998).

4: Ind. Code Ann. § 35-47-2-1 (West 1998).

5: Ind. Code Ann. § 35-47-2-1 (West 1998); Ind. Code Ann. § 35-47-2-23 (West 1998).

6: Ind. Code Ann. § 35-42-1-5 (West 1998).

7: Ind. Code Ann. § 35-42-2-2 (West 1998).

8: Although the crime of murder may be proven by establishing that the defendant intentionally killed, Ind. Code Ann. § 35-42-1-1 (West Supp. 1998), the information alleged that Sanders "knowingly" killed.  (R. at 5.)  We therefore limit our discussion of murder to that level of mens rea.

9: Rule 403 lists factors other than undue prejudice to weigh against probative value, such as confusion of the issues, misleading the jury, undue delay, and the needless presentation of cumulative evidence.  "The conventional situation presented in 404(b) cases--and in this case--is the danger of unfair prejudice posed by the other crime, wrong, or act."  
Hicks
, 690 N.E.2d at 221 n.10.  Unfair prejudice is, therefore, the Rule 403 factor we consider here.