Zelda MILAM, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 49S00–9804–CR–193.

Supreme Court of Indiana.

Nov. 19, 1999.

---

John Pinnow, Greenwood, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice

Following a bench trial, the defendant, Zelda Milam, was convicted of the January

1, 1997, murder[1] of her husband, Billie Milam. On appeal, the defendant raises only one issue: insufficiency of the evidence to rebut the defendant's claim of self-defense beyond a reasonable doubt.

■■■ We review a challenge to the sufficiency of the evidence to rebut a claim of self-defense using the same standard as for any claim of insufficient evidence. *Sanders v. State,* 704 N.E.2d 119, 123 (Ind. 1999). We neither reweigh the evidence nor judge the credibility of the witnesses. *Harrison v. State,* 699 N.E.2d 645, 649 (Ind.1998). Instead, we consider the evidence most favorable to the verdict and all reasonable inferences drawn from the evidence. *Sanders,* 704 N.E.2d at 123. We affirm if, considering the evidence and the reasonable inferences, we find substantial evidence of probative value to support the verdict. *Harrison,* 699 N.E.2d at 649; *Sanders,* 704 N.E.2d at 123.

■■■ A valid claim of self-defense provides a legal justification for a person to use force against another to protect herself from what she reasonably believes to be the imminent use of unlawful force. IND. CODE § 35–41–3–2(a). She is justified in using deadly force only if she "reasonably believes that that force is necessary to prevent serious bodily injury to [herself] or a third person or the commission of a forcible felony." *Id.* A claim of self-defense requires that the defendant acted without fault, was in a place where she had a right to be, and was in reasonable fear of death or great bodily harm. *Brewer v. State,* 646 N.E.2d 1382, 1386 (Ind.1995). Thus, among other things, the defendant's claim requires that she did not provoke, instigate or participate willingly in the violence. *Brooks v. State,* 683 N.E.2d 574, 577 (Ind.1997). Once a defendant asserts a claim of self-defense, the State must prove, beyond a reasonable doubt, that the defendant's use of force was unjustified. *Roach v. State,* 695 N.E.2d 934, 941 (Ind. 1998); *Birdsong v. State,* 685 N.E.2d 42,

45 (Ind.1997). To meet its burden once self-defense has been claimed, the State is required to disprove beyond a reasonable doubt at least one element of self-defense. *Sanders,* 704 N.E.2d at 123; *Jordan v. State,* 656 N.E.2d 816, 817 (Ind.1995). The State may carry its burden either by rebutting the defense directly or by relying on the sufficiency of evidence in its case-in-chief. *Butler v. State,* 547 N.E.2d 270, 271 (Ind.1989).

■■■ The defendant had filed for divorce and moved out of the marital residence a few months before the murder. Alleging that her husband was violent, she had obtained a restraining order against him. She maintained contact with him, however, and he was staying at her residence at the time of the murder. The two had a violent relationship, and the defendant had frequently threatened her husband, who was afraid of her. The night before the killing, the couple's fourteen-year-old daughter, Ruby, heard the defendant say that her husband was seeing someone else and that she was going to kill him the next day. Later that night, Ruby overheard an argument and the defendant yelling. The next morning, the couple's seventeen-year-old son, Eugene, stopped at his father's business and found his father's body lying on the floor of his office near a safe. There was no evidence of a struggle in the office. The victim had been shot four times—in the chest, back of the neck, right hand, and right knee. Shell casings were found in the defendant's purse. A handgun containing one spent shell casing was found in the defendant's home on a sofa under a comforter. Both the handgun and the shell casings matched the bullets recovered from the victim's body.

The defendant told the police that she went to her husband's business to try to work out a disagreement. As they talked, he swung at her, but missed. Afterwards, she sat in a chair and discovered the hand-

---

**1.** IND.CODE § 35–42–1–1.

gun next to the cushion. When her husband left the room, the defendant followed him to his office, taking the gun with her. She stated that, when he again threatened to hit her, she shot him. She did not know how many times she shot him, but she thought he might have been pretending when he fell to the floor.

While incarcerated pending trial, the defendant described the killing to two female inmates. She reported that she shot her husband four times because he was cheating on her. She also said that she shot him "on a whim." Record at 373. She reported that she had walked to her husband's business, confronted him, and, when he sat down in a chair, shot him four times.

We find sufficient probative evidence from which a reasonable trier of fact could have found, beyond a reasonable doubt, that the defendant did not have a reasonable fear of death or great bodily harm. The evidence was sufficient to rebut the defendant's claim of self-defense.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN and BOEHM, JJ., concur.