**Kunta GRAY, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0204–CR–196.

Court of Appeals of Indiana.

April 22, 2003.

Ann M. Sutton, Marion County Public Defender Agency, Appellate Division, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

KIRSCH, Judge.

A jury convicted Kunta Gray of felony

murder,[1] attempted murder,[2] a Class A felony, and unlawful possession of a firearm by a serious violent felon,[3] a Class B felony. The trial court also adjudicated Gray an habitual offender.[4] He appeals, raising the following two restated issues:

I. Whether the trial court's enhancement of his felony murder sentence based upon the habitual offender finding was erroneous because a prior dealing in cocaine conviction was used to establish both the habitual offender status and that he was a serious violent felon.

II. Whether Tracy Avant's testimony that Gray shot at him was sufficient to establish that he attempted to murder Avant.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The evidence most favorable to the judgment is that on November 16, 2000, Gray arranged to purchase a large quantity of marijuana from Greg Jones at an Indianapolis residence.[5] Jones's friend, Avant, was at the house when Gray and an unidentified man arrived to buy the drugs. Jones retrieved a brown trash bag from his vehicle parked outside and then escorted Gray and the other man to the rear of the house, while Avant remained in the front living room area. A few minutes later, the unidentified man returned to the living room, hit Avant in the head with a handgun, and told him to get on the floor, stating, "[T]his is a robbery." *Transcript* at 56. Avant heard a number of gunshots from the back area of the home. Upon hearing the shots, the unidentified man

stood and ran out of the house. Avant saw Gray stumble from the rear of the house and out the door. As Avant stood in or near the doorway, Gray pointed and fired his handgun at Avant, but missed. Gray and the other man sped away in a vehicle. Jones, who had suffered a number of gunshot wounds, staggered to the front door. Avant called 911 and waited with Jones until emergency personnel arrived. Jones underwent surgery, but died twelve days later from the injuries.

The State charged Gray with felony murder, murder, robbery, attempted murder, unlawful possession of a firearm by a serious violent felon ("possession by a SVF"), and carrying a handgun without a license as a C felony. The possession by a SVF count alleged as the prior violent felony a February 1997 B felony dealing in cocaine conviction. During trial, Gray stipulated that he had been convicted of a serious violent felony within the meaning of IC 35–47–4–5. The jury subsequently convicted Gray as charged.

The State also charged Gray with being an habitual offender and alleged as the predicate offenses: (1) the aforementioned February 1997 dealing in cocaine conviction, and (2) a December 1998 C felony carrying a handgun without a license conviction. Gray waived a jury trial on the habitual offender phase, and, after a hearing, the trial court adjudged Gray an habitual offender.

At sentencing, the trial court merged the murder and robbery convictions with the felony murder conviction, and merged the felony handgun conviction with the possession by a SVF conviction. It sen-

1. *See* IC 35–42–1–1(2).

2. *See* IC 35–41–5–1 and 35–42–1–1.

3. *See* IC 35–47–4–5.

4. *See* IC 35–50–2–8.

5. Jones's sister, Terry Taylor, owned the residence.

tenced Gray to sixty years for the felony murder, enhanced by thirty years for the habitual offender status, forty years for the attempted murder conviction, and twenty years for the possession by a SVF conviction. The trial court ordered the sentences to run concurrently, for a total executed sentence of ninety years. Gray now appeals.

## DISCUSSION AND DECISION

### I. Habitual Offender Enhancement

In this case, Gray was convicted of three felonies: felony murder, attempted murder, and possession by a SVF. "In the event of simultaneous multiple felony convictions and an habitual offender determination, the trial court must impose the resulting habitual offender enhancement upon only one of the convictions and must specify the conviction to be so enhanced." Lewis v. State, 769 N.E.2d 243, 249 (Ind. Ct.App.2002), reaff'd on reh'g, 774 N.E.2d 941 (Ind.Ct.App.2002), trans. denied. The trial court has discretion in choosing which sentence to enhance. Id. at 250. Here, the trial court enhanced by thirty years Gray's sixty-year felony murder sentence.

Gray now contends that this court should vacate the habitual offender enhancement portion of his sentence, arguing that it was improper to use the same 1997 dealing in cocaine conviction to support both the habitual offender finding and the unlawful possession by a SVF conviction.[6] We disagree and find that our decision in

Anderson v. State, 774 N.E.2d 906 (Ind.Ct. App.2002), is dispositive of Gray's claim.

In that case, the State charged Anderson with murder, possession by a SVF, carrying a handgun without a license, and intimidation. The State also alleged that Anderson was an habitual offender. The SVF charge alleged as the prior violent felony a 1987 robbery conviction, and the habitual offender charge alleged as the predicate offenses that same 1987 robbery conviction and a 1994 carrying a handgun without a license felony conviction. Thus, like the present case, one of the prior offenses establishing that Anderson was an habitual offender also was alleged as the relevant violent felony for the possession by a SVF charge. Anderson was convicted as charged and was found to be an habitual offender. The trial court enhanced Anderson's sixty-year murder sentence by thirty years for the habitual offender finding. It also sentenced him to ten years for the SVF conviction and four years for the intimidation conviction.

Like Gray, Anderson appealed the enhancement of his sentence, arguing that it was trial court error to enhance his sentence where the same offense was used to establish both the habitual offender finding and the possession by a SVF conviction. This court rejected that argument and affirmed the sentence enhancement. Id. at 914.

In affirming the sentence enhancement, this court distinguished Anderson's situa-

---

6. We note that following the State's presentation of evidence during the habitual offender enhancement phase, Gray moved to dismiss the habitual offender count or, alternatively, for acquittal, on a different basis than he now asserts. At that time, he alleged that the 1998 handgun conviction had already been enhanced from a misdemeanor to a felony and could not thereafter be used to support a habitual offender enhancement. Transcript at

272–73. After taking the matter under advisement, the trial court denied the motion. See IC 35–50–2–8(e) ("A prior unrelated felony conviction may be used ... to support a sentence as a habitual offender even if the sentence for the prior unrelated offense was enhanced for any reason, including an enhancement because the person had been convicted of another offense.").

tion from that present in *Conrad v. State*, 747 N.E.2d 575 (Ind.Ct.App.2001), *trans. denied*, which reversed a habitual offender enhancement of a sentence for possession by a SVF. In *Conrad*, the defendant was charged with and convicted of possession by a SVF based upon 1978 convictions for rape, confinement, criminal deviate conduct, and robbery. He was adjudged an habitual offender based upon those same 1978 convictions and a 1966 conviction for burglary. Conrad appealed his sentence enhancement arguing that it was improper to have his SVF sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that he was a SVF. This court agreed with Conrad and held:

> [A] defendant convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the defendant was a "serious violent felon."

*Conrad*, 747 N.E.2d at 595.[7]

However, as we observed in *Anderson*, the crucial distinction is that in *Conrad* the sentence enhanced by the habitual finding was the possession by a SVF sentence, whereas in *Anderson* it was the murder sentence that was enhanced. *Anderson*, 774 N.E.2d at 913. Like the trial court in *Anderson*, this trial court enhanced Gray's felony murder sentence, not his sentence for possession by a SVF. Accordingly, we find no error in Gray's sentence enhancement.

## II. Sufficiency of the Evidence

■ Gray next claims that the evidence was insufficient to establish that he attempted to murder Avant. When review-

ing claims of insufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Maxwell v. State*, 731 N.E.2d 459, 462 (Ind.Ct.App. 2000), *trans. denied* (citing *Sanders v. State*, 704 N.E.2d 119, 123 (Ind.1999)). Rather, we examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom. *Id.* We will not disturb the conviction if there exists substantive evidence of probative value to establish every material element of an offense beyond a reasonable doubt. *Id.* It is the function of the trier of fact to resolve conflicts in testimony, and to determine the weight of the evidence and the credibility of the witnesses. *Id.*

To convict Gray of attempted murder, the State was required to prove beyond a reasonable doubt that he, acting with the specific intent to kill, engaged in conduct which constituted a substantial step toward the commission of murder. IC 35–41–5–1; 35–42–1–1; *see also Maxwell*, 731 N.E.2d at 462. Our supreme court has repeatedly held that the requisite intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily harm. *See Maxwell*, 731 N.E.2d at 462.

In this case, Gray's challenge to the evidence does not focus on any particular element of the attempted murder charge, but rather asserts generally that Avant's testimony was insufficient to prove that anyone tried to kill him. Indeed, the gist of the argument is that Avant simply was not credible for a variety of reasons. It is the function of the trier of fact to determine who to believe and what weight to be

---

7. We note that in *Lewis*, 769 N.E.2d at 249, we held that *Conrad* does not preclude habitual offender enhancement of a SVF sentence where the predicate felony convictions used to classify the defendant as a SVF and to classify him as an habitual offender are different.

given to witness testimony. We cannot invade that province.

Here, the evidence most favorable to the judgment shows that Gray, after shooting Jones in a rear room of the house, stumbled through the front living room, where Avant was held during the robbery, and fled through the front door armed with a loaded handgun. As Avant stood in or near the front door, Gray pointed his gun at Avant and shot at him. *Transcript* at 57, 73–74. This act constitutes the use of a deadly weapon in a manner likely to cause death or great bodily harm. *See Maxwell,* 731 N.E.2d at 462 (evidence that defendant pointed handgun and shot at individuals at close range constitutes use of deadly weapon in manner likely to cause death or great bodily harm). Based upon this evidence, a reasonable trier of fact could have found that Gray acted with the requisite intent to kill. *See id.* Sufficient evidence exists to sustain Gray's attempted murder conviction.

Affirmed.

SULLIVAN, J., and SHARPNACK, J., concur.