**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 04 2012, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| VICTORIA YATES, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 49A02-1202-CR-126 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert P. Hurley, Judge Pro-Tempore
Cause No. 49F07-1109-CM-63529

**September 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Victoria Yates ("Yates") appeals her conviction for Battery as a Class A misdemeanor.[1] Yates presents two issues for our review, which we restate as the single issue of whether the State presented sufficient evidence to rebut Yates's claim of self-defense. We affirm.

**Facts and Procedural History**

On August 31, 2011, Yates and Nadine Deroux ("Deroux") were employed as medical record keepers at Joy Health Services. At some time after 3:00 p.m., after an argument between Yates and Deroux, Deroux was seated at her desk facing her computer when Yates grabbed Deroux's hair. Yates put her in a headlock, and repeatedly punched her in the face until a co-worker pulled Yates off of her. Deroux was treated at the St. Vincent Hospital emergency room for injuries inflicted during the incident including bruises, scratches, and a fractured nose.

On September 16, 2011, the State charged Yates with Class A misdemeanor battery. A bench trial was conducted on January 23, 2012. At the conclusion of the trial, the court found Yates guilty as charged and entered a judgment of conviction against her. The court imposed a sentence of 365 days, 363 of which were suspended to probation, and ordered Yates to complete sixteen hours of community service. Yates now appeals.

**Discussion and Decision**

On appeal, Yates concedes that she struck Deroux, but she contends that the State

---

[1] Ind. Code § 35-42-2-1.

failed to present sufficient evidence to disprove her claim of self-defense beyond a reasonable doubt. Specifically, Yates argues that Deroux initiated the fighting by pushing her; that Deroux was an aggressive, trained martial artist; and that she was protecting herself from Deroux.

Self-defense is an affirmative defense established by the Indiana Code. "A person is justified in using reasonable force against another person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." I.C. § 35-41-3-2(a) (2006).[2] To support a claim of self-defense, a defendant must have acted without fault, been in a place where she had a right to be, and been in reasonable fear or apprehension of bodily harm. White v. State, 699 N.E.2d 630, 635 (Ind. 1998). The defendant's belief of fear must be reasonable and in good faith, and her reaction to that belief must be reasonable based on the surrounding circumstances. Id.

We review a challenge to sufficiency of the evidence to rebut a self-defense claim under the same standard as any sufficiency of the evidence claim. Sanders v. State, 704 N.E.2d 119, 123 (Ind. 1999). We neither reweigh evidence nor judge witness credibility. Sanders, 704 N.E.2d at 123. The trial court's verdict will not be disturbed if there is sufficient evidence of probative value to support the conclusion of the trier of fact. Id. In other words, we will reverse a conviction where the defendant claimed self-defense only if no reasonable person could say the State disproved self-defense beyond a reasonable doubt.

---

[2] The relevant statutory provision was changed, effective March 20, 2012. The new statutory language recodifies § 35-41-3-2(a) at § 35-41-3-2(c). We refer to the version of the statute in force at the time of the alleged crime.

3

Taylor v. State, 710 N.E.2d 921, 924 (Ind. 1999).

Deroux testified that Yates initiated the fight by approaching her from behind, grabbing her hair and punching her in the face. (Tr. 11-13.) Furthermore, though there is evidence that Deroux had five years of martial arts training, there was no indication that Deroux threatened Yates with that training, and the extent of Deroux's injuries indicates that Deroux did not actually use martial arts in her altercation with Yates.

To the extent Yates points to one or another version of the fight's origin or directs our attention to Deroux's martial arts training, these arguments are invitations to judge witness credibility and reweigh evidence, which we cannot do. See Sanders, 704 N.E.2d at 123.

## Conclusion

The State presented sufficient evidence to rebut Yates's claim of self-defense, therefore we affirm Yates's conviction.

Affirmed.

RILEY, J., and CRONE, J., concur.