**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 15 2012, 8:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**F. SCOTT STUARD**
Frankfort, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KURT E. HINKLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 12A05-1204-CR-199 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLINTON CIRCUIT COURT
The Honorable Kathy R. Smith, Senior Judge
Cause No. 12C01-1008-FB-162

**November 15, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

During the summer of 2008, Kurt Hinkle began engaging in a sexual relationship with K.G., who, at the time, was fifteen years old. Once this relationship commenced, Hinkle and K.G. engaged in sexual intercourse two or three times a week. Hinkle and K.G.'s relationship continued after K.G. turned sixteen and ultimately resulted in the birth of a child. In August of 2010, the State charged Hinkle with two counts of Class B felony sexual misconduct with a minor. During trial, the trial court admitted evidence of Hinkle and K.G.'s continuing relationship after K.G. turned sixteen. The trial court instructed the jury that it could only consider the evidence as evidence of Hinkle and K.G.'s relationship, not as evidence of any wrongdoing by Hinkle. Following trial, the jury found Hinkle guilty of both counts of Class B felony sexual misconduct with a minor. On appeal, Hinkle contends that the trial court abused its discretion in admitting evidence of his continuing sexual relationship with K.G. Concluding that the admission of the evidence, even if erroneous, was harmless, we affirm.

## FACTS AND PROCEDURAL HISTORY

K.G. was born on October 23, 1992. Hinkle was born on August 20, 1963. K.G. was fifteen years old during the summer of 2008, and was working her first job detasseling corn. Each morning, a bus would pick K.G. and her co-workers up at the convenience store where Hinkle worked. K.G. became familiar with Hinkle when she purchased chocolate donuts from the convenience store each morning while waiting for the bus. At some point, Hinkle, who was running for Clinton County Surveyor, gave K.G. a campaign button and asked K.G. to work on his campaign. K.G. agreed and soon after began attending campaign functions

2

with Hinkle and his wife.

One day in late July or early August of 2008, K.G. went to the home Hinkle shared with his wife following a campaign event. While at the home, Hinkle took K.G. on a tour of the property. Hinkle led K.G. into a shed, grabbed K.G., and kissed her, putting his tongue in K.G.'s mouth. Hinkle then took K.G.'s shorts and underwear off, turned her around, and placed his penis in K.G.'s vagina. K.G. "didn't know what to think" so she "just kind of …went along with it." Tr. pp. 108-09. Hinkle stopped before completion.

Later that evening, Hinkle drove K.G. home following another campaign event. While driving along a "narrow country road in the middle of nowhere," Hinkle suddenly stopped the vehicle. Tr. p. 116. Hinkle instructed K.G. to come over to the driver's seat, "laid [her] down across the passenger seat," and took her pants and underwear off. Tr. p. 116. Hinkle then engaged in sexual intercourse with K.G. Hinkle continued to engage in sexual intercourse with K.G. throughout the late summer and early fall of 2008. During this time, Hinkle and K.G. engaged in sexual intercourse "two or three times a week." Tr. p. 119. K.G. testified that she engaged in sexual conduct with Hinkle "[c]ause he was nice to me." Tr. p. 119.

On August 10, 2010, the State charged Hinkle with two counts of Class B felony sexual misconduct with a minor.[1] December 7, 2011, Hinkle filed a Motion in Limine concerning evidence of certain other alleged misconduct by Hinkle, *i.e.*, evidence of a continuing relationship between Hinkle and K.G. after K.G. turned sixteen. On December

---

[1] Ind. Code § 35-42-4-9(a)(1) (2008).

19, 2011, the State requested, and was subsequently granted, permission to amend the charging information to include Count III, Class D felony performance before a minor that is harmful to minors.[2] Hinkle subsequently filed a motion to sever Count III from the first two counts as well as multiple motions to dismiss Count III. Following a hearing, the trial court denied each of Hinkle's pending motions. The State subsequently moved to dismiss Count III.

Following a two-day trial on February 28 and 29, 2012, the jury found Hinkle guilty of both counts of Class B felony sexual misconduct with a minor. On March 12, 2012, the trial court sentenced Hinkle to an aggregate eleven-year sentence, with nine of the eleven years executed in the Department of Correction and the remaining two years suspended to probation. This appeal follows.

## DISCUSSION AND DECISION

Hinkle contends that the trial court abused its discretion in admitting evidence at trial of his continuing relationship with K.G. after she turned sixteen, in violation of Indiana Evidence Rule 404(b).

> We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Iqbal v. State*, 805 N.E.2d 401, 406 (Ind. Ct. App. 2004). An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*. However, the improper admission of evidence is harmless error when the conviction is supported by substantial independent evidence of guilt sufficient to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction. *Hernandez v. State*, 785 N.E.2d 294, 300 (Ind. Ct. App. 2003), *trans. denied*.

---

[2] Ind. Code § 35-49-3-3(a)(4) (2008).

*Ware v. State*, 816 N.E.2d 1167, 1175 (Ind. Ct. App. 2004).

Indiana Evidence Rule 404(b) provides that although evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith, it may be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Rule 404(b) "is designed to prevent the jury from assessing a defendant's present guilty on the basis of his past propensities, the so called 'forbidden inference.'" *Hicks v. State*, 690 N.E.2d 215, 219 (Ind. 1997). Evidence is excluded under Rule 404(b) "only when it is introduced to prove the 'forbidden inference' of demonstrating the defendant's propensity to commit the charged crime." *Herrera v. State*, 710 N.E.2d 931, 935 (Ind. Ct. App. 1999).

Furthermore, the Indiana Supreme Court has held that "[o]ur analysis of admissibility under Rule 404(b) necessarily incorporates the relevancy test of [Indiana Evidence] Rule 401 and the balancing test of [Indiana Evidence] Rule 403." *Sanders v. State*, 704 N.E.2d 119, 123 (Ind. 1999) (citing *Hicks*, 690 N.E.2d at 221). Thus, in admitting evidence of other crimes, wrongs, or acts, the trial court must first determine that the evidence is relevant to a matter at issue other than the defendant's propensity to commit the charged act. *Id.* (citing *Hicks*, 690 N.E.2d at 221). "Relevance is broadly defined as probative value, and the trial court has wide discretion in ruling on the relevance of proffered evidence." *Id.* at 124 (citing *Hicks*, 690 N.E.2d 220). If the trial court determines that the evidence is relevant, it must then balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403. *Id.* at 123 (citing *Hicks*, 690 N.E.2d at 221).

5

In the instant matter, Hinkle argues that the evidence of his continuing relationship with K.G. after K.G. turned sixteen was inadmissible under Rule 404(b) because it was introduced solely to prove that he had the propensity to engage in a sexual relationship with a minor. For its part, the State argues that the evidence was admissible because it was not introduced to prove that Hinkle had the propensity to engage in criminal conduct, but rather to show the ongoing nature of Hinkle and K.G.'s relationship. In support, the State points out that the trial court instructed the jury that the evidence was admitted for the sole purpose of showing the relationship between Hinkle and K.G. and "should be considered only for that limited purpose." Tr. p. 359. The State claims that the evidence of the continuing relationship between Hinkle and K.G. was relevant to show that Hinkle and K.G.'s relationship "was characterized by Hinkle's sexual interest in K.G. and that Hinkle was not an innocent friend." Appellee's Br. p. 8.

Without deciding whether the evidence of Hinkle and K.G.'s continuing relationship was relevant under Rule 401, we conclude that the admission of the evidence was, at most, harmless. Again, "the improper admission of evidence is harmless error when the defendant's conviction is supported by substantial independent evidence of guilt sufficient to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction." *Ware*, 816 N.E.2d at 1175 (Ind. Ct. App. 2004) (citing *Hernandez,* 785 N.E.2d at 300). The record here demonstrates that Hinkle's convictions are indeed supported by substantial independent evidence of guilt.

K.G. provided unequivocal testimony regarding her sexual encounters with Hinkle

6

during the late-summer and early-fall of 2008, including sexual intercourse in a shed on Hinkle's property and in Hinkle's car along a country road. These sexual encounters occurred when K.G. was fifteen years old. K.G. further testified that after the above-mentioned sexual encounters but prior to her sixteenth birthday, she and Hinkle engaged in sexual intercourse two or three times a week. Upon review, we are satisfied that, in light of K.G.'s unequivocal testimony regarding her sexual encounters with Hinkle which occurred before she turned sixteen, there is no substantial likelihood that the evidence of Hinkle's relationship with K.G. after she reached the age of sixteen contributed to Hinkle's conviction. As such, the admission of the challenged evidence, to the extent improper, was harmless. *See Ware*, 816 N.E.2d at 1175.

The judgment of the trial court is affirmed.

ROBB, C.J., and BAKER, J., concur.