**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KURT A. YOUNG**
Nashville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DESMOND J. SANDERS,         )
                                      )

    Appellant-Defendant,      )
                                      )

         vs.            )     No. 49A05-1401-CR-42
                                        )

STATE OF INDIANA,           )
                                      )

    Appellee-Plaintiff.        )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause Nos. 49G05-1209-FC-67032 and 49G05-1203-FD-16217

**September 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Desmond Sanders appeals his convictions for battery, as a Class C felony, and carrying a handgun without a license, as a Class C felony, following a bench trial. Sanders presents two issues for our review:

1. Whether the State presented sufficient evidence to disprove his self-defense claim.

2. Whether the State presented sufficient evidence to support his carrying a handgun without a license conviction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 19, 2012, Sanders and his girlfriend, Levern Howard, were attending a youth football game in Indianapolis when Howard began arguing with Reva Vance, Sanders' former girlfriend. Sanders got involved in the argument and ultimately struck Vance in the head with a handgun. As Sanders left the scene, he fired one or two shots into the air. A police officer arrived and found Vance, who was bleeding from wounds on her head and had several loose teeth. Two eyewitnesses, Ashley Dancy and Richard Watford, were able to describe the incident to the police.

In Cause Number 49G05-1209-FC-067032 ("FC-067032"), the State charged Sanders with nine counts, including battery, as a Class C felony, carrying a handgun without a license, as a Class C felony, and carrying a handgun without a license, as a Class A misdemeanor. The trial court found Sanders guilty of those three charges, but acquitted him on the remaining charges. The trial court entered judgment of conviction

2

only on the two Class C felony charges and sentenced Sanders to concurrent seven-year sentences with three years suspended to probation.

In Cause Number 49G14-1203-FD-016217 ("FD-016217"), the State charged Sanders with violating the terms of his probation on a conviction for possession of marijuana, as a Class D felony. Following his convictions in FC-067032, the trial court found that Sanders had violated the terms of his probation and ordered that he serve the remainder of his sentence in the Department of Correction. This consolidated appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Self-defense

Sanders first contends that the State failed to disprove his self-defense claim with respect to his battery conviction. As our supreme court has explained:

> A valid claim of defense of oneself or another person is legal justification for an otherwise criminal act. Ind. Code § 35-41-3-2(a); Wallace v. State, 725 N.E.2d 837, 840 (Ind. 2000). In order to prevail on such a claim, the defendant must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. McEwen v. State, 695 N.E.2d 79, 90 (Ind. 1998). When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. Id. If a defendant is convicted despite his claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. Taylor v. State, 710 N.E.2d 921, 924 (Ind. 1999). . . . The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. Sanders v. State, 704 N.E.2d 119, 123 (Ind. 1999). We neither reweigh the evidence nor judge the credibility of witnesses. Id. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the [judgment] will not be disturbed. Id.

Wilson v. State, 770 N.E.2d 799, 800-01 (Ind. 2002) (emphasis added).

3

We agree with the State that Sanders' self-defense claim fails because he did not present evidence that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. See id. The only evidence Sanders points to in support of his self-defense claim is Watford's testimony that Sanders intervened in the argument between Vance and Howard in an effort to "stop them from fighting." Tr. at 56. Sanders maintains that that testimony supports a reasonable inference that he was "acting in defense of another" under Indiana Code Section 35-41-3-2(c). Appellant's Br. at 8. But Sanders does not direct us to any evidence in the record that satisfies any of the three elements he was required to show as set out in Wilson. Accordingly, the trial court did not err when it rejected Sanders self-defense claim. The State presented sufficient evidence to support his battery conviction.

**Issue Two: Carrying a Handgun Without a License**

Sanders next contends that the State did not present sufficient evidence to support his conviction for carrying a handgun without a license. Again, in considering the sufficiency of evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of witnesses. Wilson, 770 N.E.2d at 801. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the judgment will not be disturbed. Id.

To prove that Sanders carried a handgun without a license, as a Class C felony, the State was required to show that he carried a handgun on or about his body without a license and that he has a prior conviction for carrying a handgun without a license. I.C.

4

§§ 35-47-2-1(a), (e). Sanders' sole contention on this issue is that it is "nearly impossible" to reconcile the testimony of the State's witnesses regarding his possession of a handgun. Appellant's Br. at 11. And Sanders points out several alleged inconsistencies in two eyewitnesses' testimony. Sanders concludes that, "[a]t some point, . . . conflicts in evidence, no matter whether the result of one witness' testimony or several, must itself serve to inject reasonable doubt of a defendant's guilt simply because it has made the State's evidence as a whole incredibly dubious." Id.

But Sanders' reading of the eyewitness' testimony on this issue is too narrow. Dancy testified that she saw Sanders holding a silver and black handgun, and she saw Sanders fire the handgun into the air. Watford testified that he saw Sanders hit Vance with a silver handgun, and then he saw Sanders fire the handgun into the air. The alleged inconsistencies between Dancy's and Watford's testimony are insignificant. Sanders' contentions on appeal amount to a request that we reweigh the evidence, which we will not do. The State presented sufficient evidence to support Sanders' conviction for carrying a handgun without a license. Because we affirm Sanders' convictions in FC-067032, we also affirm the trial court's revocation of his probation, based on those convictions, in FD-016217.

Affirmed.

BAILEY, J., and PYLE, J., concur.

5