Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 10 2014, 9:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL JANITZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1403-CR-197 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David M. Hooper, Judge
Cause No. 49F08-1309-CM-63832

**November 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Michael Janitz appeals his conviction for battery, as a Class A misdemeanor, following a jury trial. He presents a single issue for our review, namely, whether the State presented sufficient evidence to rebut his self-defense claim.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2013, Janitz and his father were living in Indianapolis in a residence across the street from the residence of Mark Young and his fiancée, Cathy Hicks. Janitz and Young did not get along. Conner McQuade, a friend of Janitz's, routinely parked his car on the street directly in front of Young's house when he visited Janitz, and, on more than one such occasion, Young made it clear to Janitz and McQuade that he did not want McQuade to park in front of his house.

On September 26, 2013, Young was standing on his front porch when he saw McQuade park his car on the street in front of Young's house. Young asked McQuade to move his car, and McQuade responded, "Well, what if I don't?" Tr. at 148. Young told McQuade that he would call the police if he did not move the car. McQuade then moved his car and parked it across the street in front of Janitz's house.

After McQuade parked his car, he got out and said to Young, "There, I moved it, are you happy?" Id. Young said, "Yeah." Id. Then McQuade "cussed" at Young, and McQuade approached Janitz, who was standing outside. Id. At that point, Janitz "came running across the street into [Young]'s driveway" and Janitz "started swinging and kicking" at Young. Id. at 149. At one point, Janitz struck Young in the face with a

2

closed fist. Eventually, Janitz's father, who had been working on a car across the street, came over and "grabbed him and took him back across the street." Id. at 154. Two neighbors witnessed the confrontation, and Young, who had a surveillance camera mounted outside of his house, made a video recording of the incident. Hicks called police, and a responding officer talked to the witnesses and watched the surveillance video before he arrested Janitz for battery.

The State charged Janitz with battery, as a Class A misdemeanor. At trial, Janitz testified that, after McQuade moved his car, he saw Young "charging down the driveway" towards McQuade and threatening to "kick [McQuade's] ass." Id. at 274. Janitz testified that he hit Young in an effort to prevent harm to McQuade. A jury found Janitz guilty as charged. The trial court entered judgment and sentence accordingly. This appeal ensued.

**DISCUSSION AND DECISION**

Janitz challenges the sufficiency of the evidence contending the State failed to rebut his claim of self-defense. As our supreme court has explained:

> A valid claim of defense of oneself <u>or another person</u> is legal justification for an otherwise criminal act. Ind. Code § 35-41-3-2(a); <u>Wallace v. State</u>, 725 N.E.2d 837, 840 (Ind. 2000). <u>In order to prevail on such a claim, the defendant must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm</u>. <u>McEwen v. State</u>, 695 N.E.2d 79, 90 (Ind. 1998). When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. <u>Id.</u> If a defendant is convicted despite his claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. <u>Taylor v. State</u>, 710 N.E.2d 921, 924 (Ind. 1999). . . . The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence

3

claim. Sanders v. State, 704 N.E.2d 119, 123 (Ind. 1999). We neither reweigh the evidence nor judge the credibility of witnesses. Id. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the [judgment] will not be disturbed. Id.

Wilson v. State, 770 N.E.2d 799, 800-01 (Ind. 2002) (emphases added).

We agree with the State that Janitz's self-defense claim fails because his claim did not find support in the evidence. See id. In particular, Janitz did not present evidence that he was in a place where he had a right to be at the time of the battery. The undisputed evidence shows that Young had posted a "No Trespassing" sign at the end of his driveway and that Young had repeatedly told Janitz to stay off of his property. Thus, Janitz, who was standing on Young's private driveway when he struck Young, was not in a place where he had a right to be.

Moreover, even if Janitz were in a place where he had a right to be, the State presented sufficient evidence to negate the other two elements of his claim. In particular, the State presented evidence that Young did not charge at or otherwise pose a threat to McQuade's safety at the time Janitz struck Young. And, because the State presented evidence that Young posed no threat to McQuade's safety, the evidence supports a conclusion that fear for McQuade's safety was unfounded. Thus, Janitz's contentions on appeal amount to a request that we reweigh the evidence, which we will not do. The State presented sufficient evidence to support Janitz's conviction.

Affirmed.

BAILEY, J., and PYLE, J., concur.