## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 19 2016, 11:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael C. Borschel
Fishers, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nicholas Williams,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 19, 2016

Court of Appeals Case No.
49A04-1510-CR-1582

Appeal from the Marion Superior Court

The Honorable Marc T. Rothenberg, Judge

Trial Court Cause No.
49G02-1408-F1-38594

**Najam, Judge.**

# Statement of the Case

Nicholas Williams appeals his conviction for attempted murder, a felony, following a jury trial. He presents a single issue for our review, namely, whether the State presented sufficient evidence to rebut his self-defense claim.

We affirm.

# Facts and Procedural History

In July 2014, Williams and Devon Carter were working at Fastenal in Indianapolis. The two men had been coworkers for a couple of months and did not get along. During the early morning hours of July 9, Williams "got mad" at Carter when Carter did not help Williams move a box. Tr. at 34. After both men left work at 7:00 a.m. that morning, Carter saw Williams sitting in his car in the parking lot as Carter got into his car. When Carter drove out of the parking lot, Williams followed him. At some point, Williams pulled up next to Carter and began "yelling" at Carter and asked him why Carter was "playing with him[.]" *Id.* at 38. Carter responded that it was not "really that deep." *Id.* Carter tried to pull away from Williams, but Williams "ended up catching up" with Carter. *Id.*

At that point, Carter "made a quick turn" into a neighborhood in an effort to "lose" Williams, but Williams continued to follow him. *Id.* at 39. Carter turned around and left the neighborhood and continued driving, and Williams continued to follow him. Williams then "sped up" and pulled up to the side of Carter's car. *Id.* at 40. Carter looked over and saw that Williams was pointing

a gun at him. As Carter "swerved off the road" to try to get away from Williams, Williams shot him three times, hitting Carter in the head, hand, and right armpit. *Id.* at 42. Williams drove away at a high rate of speed. After Carter's car came to a rest in a ditch, Nouhou Abdou, a coworker of Carter's and Williams' who had witnessed these events from his own car,[1] came to Carter's aid. Carter was hospitalized and recovered from the gunshot wounds.

[5] The State charged Williams with attempted murder, a felony, and aggravated battery, as a Level 3 felony. Williams told the investigating police officer that he had shot Carter in self-defense. In particular, Williams stated that: Carter had threatened to shoot Williams the morning of the shooting; coworkers had told Williams that Carter had a gun; Carter was supposed to get off work at 6:00 a.m. but stayed until 7:00 a.m., when Williams' shift ended; Carter had followed Williams to the site of the shooting; and Williams only had a gun because he had felt threatened by Carter. But Williams also admitted that he had not seen Carter with a gun prior to the shooting. At trial, Williams did not testify, but the jury watched a video of Williams' statements to the police officer. The jury found Williams guilty of attempted murder, and the State dismissed the aggravated battery charge. The trial court entered judgment and sentenced Williams accordingly. This appeal ensued.

---

[1] Abdou took a photograph of Williams' car with his phone as it sped away.

# Discussion and Decision

[6] Williams challenges the sufficiency of the evidence contending the State failed to rebut his claim of self-defense. As our supreme court has explained:

> A valid claim of defense of oneself or another person is legal justification for an otherwise criminal act. Ind. Code § 35-41-3-2(a); *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). In order to prevail on such a claim, the defendant must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *McEwen v. State*, 695 N.E.2d 79, 90 (Ind. 1998). When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. *Id.* If a defendant is convicted despite his claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Taylor v. State*, 710 N.E.2d 921, 924 (Ind. 1999). . . . The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Sanders v. State*, 704 N.E.2d 119, 123 (Ind. 1999). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the [judgment] will not be disturbed. *Id.*

*Wilson v. State*, 770 N.E.2d 799, 800-01 (Ind. 2002).

[7] Williams' arguments on appeal amount to nothing more than requests that we reweigh the evidence and reassess the credibility of witnesses, which we will not do. The State presented evidence that Williams waited for Carter to get into his car and leave the parking lot and that Williams followed Carter. And the

evidence shows that Carter tried to evade Williams, but Williams stayed in pursuit of Carter. Williams admitted to police that he never saw Carter with a gun. In sum, the State presented ample evidence to negate two elements of Williams' self-defense claim, namely, that he did not provoke, instigate, or participate willingly in the violence and that Carter had caused Williams to have a reasonable fear of death or great bodily harm. *See id.* The State presented sufficient evidence to negate Williams' self-defense claim, and the evidence is sufficient to support Williams' conviction.

[8] Affirmed.

Robb, J., and Crone, J., concur.