Steven Allen CARROLL, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 02S00–0004–CR–259.

Supreme Court of Indiana.

March 26, 2001.

Anthony S. Churchward, Deputy Public Defender, Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice

The defendant, Steve Carroll, was convicted of murder[1] for the July 29, 1998, killing of Bryan Ruede in Allen County. Finding sufficient evidence to support the defendant's conviction and to rebut his claims of self-defense and sudden heat, we affirm.

■ The defendant claims that the State presented insufficient evidence to support his conviction for murder. In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the evidence and reasonable inferences favorable to the judgment, and neither reweighing the evidence nor judging the credibility of the witnesses, we conclude that no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Jenkins v. State,* 726 N.E.2d 268, 270 (Ind.2000); *Webster v. State,* 699 N.E.2d 266, 268 (Ind. 1998); *Hodge v. State,* 688 N.E.2d 1246, 1247–48 (Ind.1997).

■ The facts favorable to the judgment show that the defendant and three other young men went to the victim's mobile home to acquire some marijuana. The defendant and two of his companions got out of the car, and the defendant went to the door to make the buy. After an exchange on the threshold that resulted in raised voices, the defendant grabbed the victim and pushed or fell with him inside. After a few seconds, the two men remaining outside heard a thud. One man went up to the trailer to investigate. He saw the victim lying on the floor with blood around his head. The three men returned to the car where the fourth had been waiting. The defendant then stated, "I think I killed that [expletive deleted]." Record at 279, 315, 364, 609. The defendant also stated that he would have killed T.J. if he had been there too. *Id.* Then the defendant threatened the men in the car that he would kill them if they said anything. *Id.* at 315, 351, 365. The victim died from stab and slash wounds, some inflicted with great force. The defendant admitted to police that he stabbed the victim. The evidence was sufficient to support the defendant's murder conviction.

■ The defendant alternatively contends that the State failed to disprove his claims of self-defense and sudden heat. We review a challenge to the sufficiency of the evidence to rebut a claim of self-defense using the same standard as for any claim of insufficient evidence. *Milam v. State,* 719 N.E.2d 1208, 1210 (Ind.1999), *Sanders v. State,* 704 N.E.2d 119, 123 (Ind. 1999). A valid claim of self-defense provides a legal justification for a person to use force against another to protect himself from what he reasonably believes to be the imminent use of unlawful force. Ind. Code § 35–41–3–2(a). He is justified in using deadly force only if he "reasonably believes that that force is necessary to prevent serious bodily injury to himself or a third person." *Id.* A claim of self-defense in a homicide prosecution requires that the defendant acted without fault, was in a place where he had a right to be, and was in reasonable fear of death or great bodily harm. *Brooks v. State,* 683 N.E.2d 574, 577 (Ind.1997). Thus, among other things, the defendant's claim requires that he did not provoke, instigate or participate willingly in the violence. *Id.* Once a defendant claims self-defense, the State must disprove, beyond a reasonable doubt, at least one element of self-defense. *Sanders*

---

1. Ind.Code § 35–42–1–1.

*v. State,* 704 N.E.2d at 123; *Jordan v. State,* 656 N.E.2d 816, 817 (Ind.1995). The State may meet its burden by either rebutting the defense directly or relying on the sufficiency of evidence in its case-in-chief. *Butler v. State,* 547 N.E.2d 270, 271 (Ind. 1989).

■ The defendant maintains that the victim pulled a gun on him causing him to fear for his life and forcing him to defend himself. The only evidence the defendant offers for this contention is his own version of what transpired. The defendant claims that after the struggle he took the gun with him. He further states that he sold it about three days later. However, there was no evidence that the victim owned a gun, Record at 451, in fact, his estranged wife testified that the decedent did not possess any firearms. *Id.* at 386. The defendant offered no corroborating evidence to support his story about taking and selling the gun. None of the other three men saw a gun in the defendant's possession. The defendant said nothing to the other young men about a gun or fearing for his life. The pathologist's testimony regarding the decedent's wounds is not consistent with the defendant's version of events. The decedent suffered deep stab wounds inflicted with great force and defensive wounds on the hand, which he could not have received while holding a gun. *Id.* at 403–08, 430. The evidence was sufficient to rebut the defendant's claim of self-defense.

■ The defendant also contends that the State did not negate the existence of sudden heat. A determination of sudden heat would have permitted the jury to return a verdict of voluntary manslaughter,[2] instead of murder. Like self-defense, once sudden heat has been injected into a case, the State has the burden to negate its existence. *Taylor v. State,* 681 N.E.2d 1105, 1110 (Ind.1997). Although it is the State's burden to disprove sudden heat once it becomes an issue, its presence is a question of fact for the jury. *Shields v. State,* 699 N.E.2d 636, 638 (Ind.1998). This issue also rested on the credibility of the defendant. The jury was instructed on voluntary manslaughter but found the defendant guilty of murder. As we have found the evidence sufficient to support a conviction for murder, there is no error in the jury's rejection of the defendant's claim of sudden heat.

The defendant's conviction is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM and RUCKER, JJ., concur.