**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Merrillville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

FILED

Feb 28 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

RAFAEL DEL RIO,                        )
                                       )
    Appellant-Defendant,               )
                                       )
        vs.                         )          No. 45A05-1106-CR-285
                                       )
STATE OF INDIANA,                      )
                                       )
    Appellee-Plaintiff.                )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-0807-FA-26

**February 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Rafael Del Rio's brother was shot and killed outside a bar. Del Rio witnessed the shooting. Del Rio pursued the assailant and shot him multiple times, killing him. A jury convicted Del Rio of class A felony voluntary manslaughter. Del Rio's sole contention on appeal is that the State failed to present sufficient evidence to rebut his claim of self-defense. Finding the evidence sufficient, we affirm.

## Facts and Procedural History

On July 27, 2008, Del Rio went looking for his brother, Marco. He located Marco walking outside a bar. As Marco was approaching Del Rio's car, a man "came out of nowhere," pulled a revolver from his waist, and began firing shots at Marco. Tr. at 238. After Marco went "down," the shooter ran away. State's Ex. 48 at 1. Del Rio reached for his semiautomatic handgun and started to chase the shooter. Del Rio shot at his brother's assailant, Hector Lopez-Ramirez, and Lopez-Ramirez shot back. Del Rio pursued Lopez-Ramirez and shot at him numerous times as Lopez-Ramirez retreated. Del Rio fired one shot when Lopez-Ramirez was seventy-six feet away from where Marco went down, and then fired at least another ten shots when Lopez-Ramirez had retreated another one hundred feet away. Nine of the shots fired by Del Rio hit Lopez-Ramirez in the back of his body, including his upper back, left hip, right hip, buttock, and right thigh. Forensic evidence indicated that four of the shots were fired at Lopez-Ramirez at close range, and in close succession, after Lopez-Ramirez's body was no longer moving significantly. Both Lopez-

2

Ramirez and Marco died of their wounds.[1]  Lopez-Ramirez's revolver was found a few feet

from his body.  Del Rio's weapon was never recovered.

On July 29, 2008, the State charged Del Rio with class A felony voluntary

manslaughter.  A jury trial was held on April 11, 2011.  During trial, Del Rio claimed that he

acted in self-defense.  The jury found Del Rio guilty as charged.  The trial court sentenced

Del Rio to twenty-two years in prison.  This appeal ensued.

**Discussion and Decision**

Del Rio's sole contention on appeal is that the State failed to present sufficient

evidence to rebut his claim of self-defense.  "We review a challenge to the sufficiency of the

evidence to rebut a claim of self-defense using the same standard as for any claim of

insufficient evidence." *Carroll v. State*, 744 N.E.2d 432, 433 (Ind. 2001).  That is to say, we

will affirm the conviction unless, considering only the evidence and reasonable inferences

favorable to the judgment, no reasonable factfinder could have found that the State disproved

self-defense beyond a reasonable doubt. *Id.*  We will neither reweigh the evidence nor judge

the credibility of the witnesses. *Id.*

"A person is justified in using reasonable force against another person to protect the

person or a third person from what the person reasonably believes to be the imminent use of

unlawful force."  Ind. Code § 35-41-3-2(a).  A person is justified in using deadly force, and

does not have a duty to retreat, "if the person reasonably believes that that force is necessary

---

[1] Although Del Rio initially told police that he had "blacked out" and had no idea what had become of his brother's shooter, he eventually admitted that he chased and repeatedly shot Lopez-Ramirez.  Tr. at 238.

to prevent serious bodily injury to the person or a third person or the commission of a forcible felony." *Id*. To prevail on a claim of self-defense in a homicide prosecution, the defendant must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002). When a claim of self-defense is raised and finds support in the evidence, the State must disprove at least one of these elements beyond a reasonable doubt. *Id*. If a defendant is convicted despite his claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Id*.

Although Lopez-Ramirez was the initial aggressor and fired shots at Marco and Del Rio, the record shows that Del Rio pursued Lopez-Ramirez and continued shooting at him even after Lopez-Ramirez had ceased firing and was attempting to flee. Indeed, forensic evidence indicates that Del Rio shot Lopez-Ramirez numerous times in the back of his body, and would support the conclusion that several of those shots were fired after Lopez-Ramirez was incapacitated and no longer moving. Lopez-Ramirez's revolver was found several feet from his body and no longer in his reach. Accordingly, it was reasonable for the jury to infer that Del Rio could not have been laboring under a reasonable fear of death or great bodily harm but was instead a willing participant in the violence at that time. *See id.* (citing *Hollowell v. State*, 707 N.E.2d 1014, 1021 (Ind. Ct. App. 1999) (finding sufficient evidence to rebut self-defense claim when defendant stabbed and continued to pursue initial aggressor with a knife after initial aggressor retreated). The evidence was sufficient to support a

4

reasonable inference that Del Rio was retaliating for the attack on his brother and did not have a reasonable fear of death or great bodily harm when he continued to pursue Lopez-Ramirez even after Lopez-Ramirez had stopped firing shots and was running away. We conclude that the State presented sufficient evidence to rebut Del Rio's self-defense claim.[2] Therefore, we affirm Del Rio's voluntary manslaughter conviction.

Affirmed.

MAY, J., and BROWN, J., concur.

---

[2] We note that, in addition to instructing the jury regarding self-defense, the trial court instructed the jury regarding a citizen's right to use reasonable force to make an arrest if a felony has been committed in his presence. *See* Indiana Code Section 35-33-1-4. Del Rio points to our citizen's arrest statute in conjunction with Indiana Code Section 35-41-3-2 to support his argument that he was justified in pursuing and killing Lopez-Ramirez after the attack on his brother. Section 35-41-3-2 provides:

> (a) A person is justified in using reasonable force against another person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force. However a person:
> (1) is justified in using deadly force, and
> (2) does not have a duty to retreat;
> if the person reasonably believes that the force is necessary to prevent serious bodily injury to the person or a third person or the commission of a forcible felony. No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting the person or a third person by reasonable means necessary.

Ind. Code § 35-41-3-2(a). However, what was reasonable under the circumstances was a question for the jury and, as noted above, the jury did not agree that deadly force was reasonable self-defense on Del-Rio's part. It is not our prerogative to second-guess the jury.