**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 31 2013, 9:38 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LAURA M. TAYLOR**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TYLER BURTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1306-CR-269 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shatrese M. Flowers, Master Commissioner
Cause No. 49F24-1301-FD-3940

**December 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Tyler Burton appeals his conviction for class D felony battery resulting in bodily injury on a child,[1] arguing that the State failed to disprove his self-defense claim. "The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim." *Wilson v. State*, 770 N.E.2d 799, (Ind. 2002). "We neither reweigh the evidence nor judge the credibility of witnesses." *Id.* We will affirm if "there is sufficient evidence of probative value to support the conclusion of the trier of fact." *Id.*

To convict Burton of battery resulting in bodily injury on a child, the State was required to prove that Burton was at least eighteen years old and knowingly or intentionally touched a person who was less than fourteen years of age in a rude, insolent, or angry manner that resulted in bodily injury. Ind. Code § 35-42-2-1(a)(2)(B). At trial, Burton conceded that he committed battery resulting in bodily injury on a child but claimed that he acted in self-defense. A claim of self-defense is legal justification for an otherwise criminal act. Ind. Code § 35-41-3-2. A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force. *Id.* "To prevail on a claim of self-defense, the defendant must present evidence that he: (1) was in a place he had a right to be, (2) did not provoke, instigate, or participate willingly in the violence, and (3) had a reasonable fear of death or great bodily harm." *Tharpe v. State*, 955 N.E.2d 836, 844 (Ind. Ct. App. 2011), *trans.*

---

[1]  Both Burton and the State mistakenly indicate that he was convicted of class C felony battery.

2

*denied.* "Once a defendant claims self-defense, the State must disprove, beyond a reasonable doubt, at least one element of self-defense. The State may meet its burden by either rebutting the defense directly or relying on the sufficiency of evidence in its case-in-chief." *Carroll v. State*, 744 N.E.2d 432, 433-34 (Ind. 2001).

Here, the State produced sufficient evidence to rebut Burton's claim of self-defense. The evidence most favorable to the conviction shows that thirteen-year-old Logan Hasseld was walking on the sidewalk near his home. A maroon car sped by him going faster than cars normally drove on that road. Some of the occupants gave Logan the middle finger. The car suddenly stopped, its tires squealing. The car drove quickly backward and stopped. Burton exited the car, walked aggressively toward Logan, and began angrily yelling at him. Logan continued to walk toward his home. Logan turned around as Burton approached him, and Burton punched Logan on the side of his face. Logan fell to the ground. Burton jumped on top of him, held him down, and punched him eight to ten times, causing a large knot on Logan's forehead. Burton also hit him on the sides of his face and his ribs.

Logan's father, David Hasseld, was in the Hasseld yard and heard yelling. He saw Burton punch Logan, who fell to the ground. He saw Burton jump on Logan and start hitting him. David ran toward them, and Burton got up and ran to the car and got in. The car sped away. Logan was crying and in pain and went inside his house. David had previously given Logan brass knuckles, which were in Logan's pocket before the battery. Logan did not take the brass knuckles out of his pocket. When Logan was inside he realized that they were missing. David found them lying in the grass near the location of the battery.

Burton testified that he got out of the car and had a conversation with Logan. Burton was walking back toward the car when Logan said something. Burton turned around, Logan swung at him with the brass knuckles. Burton blocked the punch and wrestled Logan to the ground. Burton's friend, Logan Townsend, gave testimony consistent with Burton's.

The evidence as to who started the fight was conflicting. In such instances, "[i]t is the function of the trier of fact to resolve conflicts in testimony and to determine the weight of the evidence and the credibility of the witnesses." *Maxwell v. State*, 731 N.E.2d 459, 462 (Ind. Ct. App. 2000), *trans. denied*. Burton's argument is an invitation to reweigh the evidence and judge witness credibility, which we may not do. Therefore, we affirm his conviction.

Affirmed.

BAKER, J., and NAJAM, J., concur.