## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 20 2016, 9:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Elexus Lloyd,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 20, 2016

Court of Appeals Case No.
49A05-1602-CR-255

Appeal from the Marion Superior Court

The Hon. Amy M. Jones, Judge

Trial Court Cause No.
49G08-1505-CM-18369

**Bradford, Judge.**

# Case Summary

[1]  The Appellant-Defendant Elexus Lloyd appeals her convictions for two counts of theft as Class A misdemeanors and one count of battery resulting in bodily injury as a Class A misdemeanor, contending that the State failed to produce sufficient evidence to sustain her convictions. Specifically, Lloyd claims that Appellee-Plaintiff the State of Indiana failed to prove that (1) Lloyd "knowingly or intentionally" aided, induced, or caused another to commit theft, and (2) Lloyd "knowingly and intentionally" caused injury to another because she acted in self-defense. Due to the ample evidence that Lloyd knowingly or intentionally aided, induced, or caused another to commit theft by distracting the store employees and the fact that she was attempting to escape after the commission of this theft when she battered two store employees, we affirm.

# Facts and Procedural History

[2]  On May 26, 2015, Lloyd and China Watkins went to the Family Dollar store in Lawrence, Indiana. The two women were seen arriving in the same car and entering the store together. Upon entering the store, Lloyd went to the counter to return previously-purchased deodorant, while Watkins went to the backroom of the store and asked the assistant manager to use the bathroom. As the store did not have a public bathroom, the assistant store manager permitted Watkins to use the store's private bathroom.

[3]  Meanwhile, the clerk who had been working the counter went to the backroom to find a manager because the clerk did not have the authority to process

Lloyd's return. The surveillance footage indicates that while the clerk was busy finding the assistant manager, Watkins approached the counter and spoke briefly to Lloyd. While Lloyd and the employees were processing the return, Watkins returned to the backroom to steal the employees' purses before leaving through the back door. Upon hearing the store's backdoor close, the clerk went into the backroom to investigate the source of the sound and discovered that the purses owned by the clerk and assistant manager were missing.

[4] When confronted about Watkins's actions, Lloyd became defensive and insisted that she did not know what the employees were talking about. The employees then attempted to detain Lloyd, both verbally and physically, due to their belief that she was connected to Watkins. One of the employees called police and the employees, with the help of a customer, attempted to hold and lock the doors. Lloyd quickly became argumentative and agitated because the employees wanted to detain her until police arrived. In an effort to leave, Lloyd pushed the assistant manager to the ground, which caused her pain, and hit the clerk. Once Lloyd managed to exit the store, she ran across the street to the back of a Speedway Gas station ("Speedway").

[5] Meanwhile, an employee at the Speedway observed a vehicle pull quickly into the station before Watkins exited the passenger side and took purses to Speedway's dumpster. The employee further observed Lloyd running from the direction of the Family Dollar store and jump into the back seat of that same vehicle. At that time, police arrived at the Speedway, secured Lloyd, Watkins, and a third person who had been driving the vehicle, and advised them of their

rights. Watkins admitted to stealing the purses, but claimed that she was acting alone. A purse and wallet, which were later identified as belonging to the clerk, were located in the Speedway dumpster. Other items, including an identification card and debit card were found in the suspect vehicle, while a cell phone was later found in an adjacent field.

[6] On May 28, 2015, Lloyd was charged with two counts of theft as Class A misdemeanors under the theory of accomplice liability and one count of battery resulting in bodily injury as a Class A misdemeanor. Lloyd maintained that she was unaware of Watkins's actions on the day in question and her physical contact with the employees was justified under the theory of self-defense. After a bench trial on January 20, 2016, the trial court found Lloyd guilty on all counts. The trial court sentenced Lloyd to consecutive, suspended one-year sentences and one year of probation. This appeal follows.

## Discussion and Decision

[7] In challenging her convictions for theft, Lloyd asserts that the record lacks evidence that she was seen doing anything illegal or knew of Watkin's plans before the theft occurred. Our standard for reviewing sufficiency of the evidence claims is well-settled. *Tobar v. State*, 740 N.E.2d 109, 111 (Ind. 2000).

> In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most

favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. This evidence need not overcome every reasonable hypothesis of innocence; it is sufficient so long as an inference may reasonably be drawn from it to support the verdict.

*Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012) (internal citations and quotations omitted). The trier of fact is responsible for resolving conflicts of testimony, determining the weight of the evidence, and evaluating the credibility of the witnesses. *Jones v. State*, 701 N.E.2d 863, 867 (Ind. Ct. App. 1998).

[8] Under Indiana Code section 35-41-2-4, a person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense. In determining whether a person aided another in the commission of a crime, we consider: (1) presence at the scene of the crime, (2) companionship with another engaged in criminal activity, (3) failure to oppose the crime, and (4) defendant's conduct before, during, and after the occurrence of the crime. *Woods v. State*, 963 N.E.2d 632, 634 (Ind. Ct. App. 2012). Furthermore, while the defendant's presence at the scene of a crime or her failure to oppose the crime alone are insufficient to establish accomplice liability, they may be considered along with the above-mentioned factors to determine participation. *Wieland v. State*, 736 N.E.2d 1198, 1202 (Ind. 2000). There are, however, no hard and fast rules governing accomplice liability as it depends on the facts and circumstances of each case. *Byrer v. State*, 423 N.E.2d 704, 706 (Ind. Ct. App. 1981).

[9]     Reviewing only the probative evidence and reasonable inferences that would support the verdict, we conclude that the evidence was sufficient to convict Lloyd under the theory of accomplice liability of two counts of theft. The record shows that several witnesses observed Lloyd and Watkins entering together and interacting in the store. Lloyd's act of returning the deodorant occupied both the clerk and the assistant manager, leaving Watkins the opportunity to take the purses from the empty backroom without fear of being caught. A reasonable trier of fact could have determined that Lloyd's role in the theft was to distract the employees for Watkins.

[10]    According to the record, while the employees attempted to detain her, Lloyd went so far as to push one employee down and strike another in order to flee. The evidence further shows that once outside of the store, Lloyd ran across the street and jumped into the same vehicle as Watkins. Lloyd's flight to meet up with the same vehicle that Watkins was in can be considered by the fact-finder as circumstantial evidence of her consciousness of guilt. *See Maxey v. State*, 730 N.E.2d 158, 162 (Ind. 2000) ("[E]vidence of flight is relevant as circumstantial evidence of Defendant's consciousness of guilt."). The evidence is more than sufficient to establish that Lloyd was working with Watkins to steal from the store.

[11]    Lloyd also challenges the sufficiency of the evidence to sustain her conviction for battery, arguing that her actions constituted self-defense. Under Indiana Code section 35-42-2-1, a person who knowingly or intentionally touches another person in a rude, insolent, or angry manner, commits battery. The

evidence shows that Lloyd pushed the assistant manager to the ground while the employees were attempting to detain Lloyd and this act caused the assistant manager pain.

[12] We agree with Lloyd that a valid claim of self-defense provides a legal justification for a person to use force against another to protect herself from what she reasonably believes to be the imminent use of unlawful force. *Carroll v. State*, 744 N.E.2d 432, 433 (Ind. 2001). The trial court, however, was reasonable to conclude that Lloyd did not have the right to use self-defense in this particular situation. A claim of self-defense requires that the defendant acted without fault, was in a place where she had a right to be, and was in reasonable fear of death or great bodily harm. *Id*. Therefore, the defendant must also show that she did not provoke, instigate, or participate willingly in the violence. *Id*. A claim of self-defense will also fail if the defendant used more force than was reasonably necessary under the circumstances. *Sudberry v. State*, 982 N.E.2d 475, 481 (Ind. Ct. App. 2013). Challenges to the sufficiency of the evidence to rebut a claim of self-defense are reviewed using the same standard as any other claim regarding insufficient evidence. *Id*. We will not disturb the verdict if there is sufficient evidence of probative value to support the conclusion of the trier of fact. *Morell v. State*, 933 N.E.2d 484, 492 (Ind. Ct. App. 2010).

[13] The employees at the store had reason to believe that based upon her companionship with Watkins and refusal to wait for police, Lloyd likely played a role in the disappearance of the purses. Therefore, it was not unreasonable or

inappropriate for them to attempt to detain her until police arrived.[1]  The trial court was free to conclude that Lloyd's response to the employee's efforts to detain her was inappropriate in light of the circumstances.  A person is not justified in using self-defense if she is escaping after the commission of a crime. *Chambliss v. State*, 746 N.E.2d 73, 80 (Ind. 2001).  We affirm the trial court's finding that Lloyd committed battery.

Pyle, J., and Altice, J., concur.

---

[1] Under the Shoplifting Detention Act, merchants have limited authority to detain a specific individual when the merchant's agent has probable cause to believe that theft has occurred or is occurring on or about store premises.  Ind. Code § 35-33-6-2.