## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 16 2017, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Travis Allen,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 16, 2017<br><br>Court of Appeals Case No.<br>49A02-1609-CR-1982<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Allan W. Reid, Commissioner<br><br>Trial Court Cause No.<br>49G16-1606-CM-24839 |

**Crone, Judge.**

## Case Summary

Travis D. Allen appeals his conviction for class A misdemeanor domestic battery, following a bench trial. Allen claims that the State failed to present sufficient evidence to rebut his self-defense claim. We disagree and therefore affirm his conviction.

## Facts and Procedural History

On June 27, 2016, Allen and his girlfriend, Rachel Hardy, had a barbeque party in the pool area of their apartment complex. The couple were in a romantic relationship, had been living together, and had two children together. A verbal altercation occurred when Hardy objected to Allen offering food to two females who were walking by the barbecue. The situation escalated when the couple returned to their apartment, at which time Allen attempted to choke Hardy "two or three times." Tr. Vol. 2 at 10. Hardy called the police. The officer who arrived at the scene talked with both Hardy and Allen, but no arrest was made at that time.

After an hour or so, Allen started "talking crazy" and attacked Hardy by choking her. *Id.* at 11. Shortly thereafter, Allen attacked Hardy again. She tried to get away from Allen, but he grabbed her arm, causing her to fall to the ground and scratch her elbow. Several of the neighbors heard the altercation, came over to the apartment, and intervened. The neighbors told Allen, "leave her alone, get off her, you can't be doing that to her and stuff." *Id.* at 13. The

neighbors then attacked Allen, causing a knot on his head and swelling of his eye. Hardy called the police a second time.

[4] Officer Christopher Mills of the Indianapolis Metropolitan Police Department responded to the scene. Officer Mills observed that Hardy was upset and complained of pain in her elbow. According to Officer Mills, Hardy had "an abrasion on her left elbow that appeared fresh." *Id.* at 27. Officer Mills also observed that Allen's left eye was swollen. Allen told Officer Mills that he received the injury to his eye when he was "jumped by some males in the apartment complex." *Id.* at 28, 47.

[5] The State charged Allen with two counts of class A misdemeanor domestic battery and two counts of class A misdemeanor battery resulting in bodily injury. At trial, Allen claimed that Hardy attacked him and that he acted in self-defense. The State dismissed one count of domestic battery and one count of battery. The court found Allen guilty of the remaining two charges, merged the class A misdemeanor battery into the class A misdemeanor domestic battery, and entered judgment of conviction on the domestic battery verdict. The trial court imposed a one-year sentence. Allen now appeals.

## Discussion and Decision

[6] To prove that Allen committed domestic battery as a class A misdemeanor, the State was required to show that he knowingly or intentionally touched Hardy, a person with whom he had a common child, in a rude, insolent, or angry manner that resulted in bodily injury. Ind. Code § 35-42-2-1.3(a). The State

alleged that Allen committed domestic battery against Hardy by grabbing her arm and pulling her to the ground, resulting in pain, swelling, and/or bruising. Allen claims that he acted in self-defense and that the State failed to rebut this claim with sufficient evidence.

[7] The standard of review for a challenge to the sufficiency of evidence to rebut a self-defense claim is the same as the standard for any sufficiency of the evidence claim. *Kimbrough v. State*, 911 N.E.2d 621, 635 (Ind. Ct. App. 2009). We neither reweigh the evidence nor assess the credibility of the witnesses. *Jackson v. State*, 925 N.E.2d 369, 375 (Ind. 2010). We consider only the probative evidence and reasonable inferences therefrom that support the conviction, and we consider conflicting evidence most favorably to the trial court's ruling. *Stephenson v. State*, 53 N.E.3d 557, 560 (Ind. Ct. App. 2016). If a defendant is convicted despite his claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Kimbrough*, 911 N.E.2d at 635.

[8] A valid self-defense claim is a legal justification for an otherwise criminal act. *Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003). A person is justified in using reasonable force against another person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force. Ind. Code § 35-41-3-2. To prevail on such a claim, the defendant must show that he was in a place where he had a right to be, acted without fault, and "was protecting himself from what he reasonably believed to be the imminent use of unlawful force." *Dixson v. State*, 22 N.E.3d 836, 839 (Ind. Ct. App. 2014),

*trans. denied* (2015). An initial aggressor or a mutual combatant, whether or not the initial aggressor, must withdraw from the encounter and communicate the intent to do so to the other person, before he may claim self-defense. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). When a claim of self-defense is raised, and finds support in the evidence, the State has the burden of negating at least one of the necessary elements beyond a reasonable doubt. *Id* at 800. The State can rebut the defendant's self-defense claim by relying on the evidence of its case-in-chief. *Carroll v. State,* 744 N.E.2d 432, 434 (Ind. 2001).

[9] Allen notes that he was in a place where he had a right to be and claims that he was not the instigator of the encounter. He maintains that it is far more likely from the evidence that Hardy was the aggressor and caused him to protect himself. He points to the verbal altercation that occurred earlier in the day and describes Hardy as being even more upset when she found an empty bottle of alcohol in the kitchen sink. He contends that Hardy struck him with the empty bottle, causing injury to his nose and eye.

[10] However, the evidence most favorable to the trial court's ruling showed that Allen initiated the physical confrontation by attacking Hardy on two or three separate occasions. On one occasion, she attempted to walk away from Allen when he grabbed her arm, causing her to fall and suffer an abrasion to her elbow. Officer Mills confirmed the presence of the abrasion on Hardy's elbow and testified that the injury appeared fresh when he arrived on the scene. Hardy testified that she did not hit Allen or strike him with an empty bottle. Both

Hardy and Officer Mills testified that Allen's swollen eye occurred when neighbors in the apartment complex attacked him in Hardy's defense.

[11] The factfinder was not required to credit Allen's self-serving version of events. In essence, Allen's argument is merely a request that we reweigh the evidence, which we will not do. Even by Allen's own account, he and Hardy were engaged in a mutual altercation that escalated without any attempt by Allen to withdraw from the encounter. Based upon the record, we conclude that the State presented probative evidence from which a reasonable trier of fact could have found that Allen did not validly act in self-defense and that he was guilty of domestic battery as a class A misdemeanor. Therefore, we affirm Allen's conviction.

[12] Affirmed.

Baker, J., and Barnes, J., concur.