# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 13 2018, 7:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Treyone Devon Johnston, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | March 13, 2018 <br><br> Court of Appeals Case No. 49A02-1709-CR-2169 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable David J. Certo, Judge <br><br> Trial Court Cause No. 49G12-1607-CM-26450 |

**Bailey, Judge.**

# Case Summary

[1] Following a bench trial, Treyone Devon Johnston ("Johnston") was convicted of Disorderly Conduct, as a Class B Misdemeanor.[1] Johnston now appeals, challenging the sufficiency of the evidence rebutting his claim of self-defense.

[2] We affirm.

# Facts and Procedural History

[3] Around 2:00 a.m. on July 10, 2016, Officer Kevin Moore of the Indianapolis Metropolitan Police Department ("Officer Moore") was parked in his patrol car, observing the crowd at a nightclub in downtown Indianapolis. At some point, Officer Moore heard and saw an argument between Johnston and another man. Officer Moore exited his car, approached the club, and saw Johnston punch the man. A fight ensued. Officer Moore's verbal attempt to break up the fight was unsuccessful, at which point Officer Moore deployed his taser. Johnston was arrested and charged with Disorderly Conduct. The trial court then held a bench trial, at which Johnston claimed self-defense. The court found Johnston guilty and imposed a sentence. Johnston now appeals.

---

[1] Ind. Code § 35-45-1-3(a)(1).

# Discussion and Decision

[4]  Johnston argues that the State presented insufficient evidence to rebut his claim of self-defense.  In reviewing such challenges, we use "the same standard as for any claim of insufficient evidence." *Carroll v. State*, 744 N.E.2d 432, 433 (Ind. 2001).  We "will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt." *Wilson v. State*, 770 N.E.2d 799, 800-801 (Ind. 2002).  Moreover, in conducting our review, "[w]e neither reweigh the evidence nor judge the credibility of witnesses." *Sanders v. State*, 704 N.E.2d 119, 123 (Ind. 1999).  Rather, we consider the evidence, and all reasonable inferences, in a light most favorable to the judgment. *Id.*

[5]  To obtain a conviction, the State was obligated to prove, beyond a reasonable doubt, that Johnston "recklessly, knowingly, or intentionally . . . engage[d] in fighting or tumultuous conduct." I.C. § 35-45-1-3(a).  At trial, Johnston argued that he was acting in self-defense.  Under the Indiana self-defense statute, "[a] person is justified in using reasonable force against any other person to protect the person . . . from what the person reasonably believes to be the imminent use of unlawful force." I.C. § 35-41-3-2(c).  However, the use of force is not justified if "the person has entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." I.C. § 35-41-3-2(g)(3).  "When a claim of self-defense is raised and finds support in the evidence," *Wilson*, 770 N.E.2d at 800, the State must then "disprove, beyond a

reasonable doubt, at least one element of self-defense," *Carroll*, 744 N.E.2d at 433. To meet this burden, the State may either "rebut[] the defense directly or rely[] on the sufficiency of evidence in its case-in-chief." *Id.* at 434.

[6] Johnston's self-defense argument relied on testimony indicating that he was not the initial aggressor—testimony that conflicts with Officer Moore's testimony. Moreover, there was no evidence that Johnston withdrew from the physical altercation. *See* I.C. § 35-41-3-2(g)(3); *Wilson*, 770 N.E.2d at 801. Ultimately, the evidence favorable to the judgment indicates that Johnston argued outside a nightclub, threw the first punch, and kept fighting even after Officer Moore arrived. We conclude that this is sufficient evidence from which a reasonable trier of fact could reject a claim of self-defense and find Johnston guilty.

[7] Affirmed.

Kirsch, J., and Pyle, J., concur.